B1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>District of Delaware | | Voluntary Petition |
|---|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**IdleAire Technologies Corporation** | | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **62-1829384** | | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**410 N. Cedar Bluff Road**<br>**Suite 200**<br>**Knoxville, TN** ZIPCODE **37923** | | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>ZIPCODE |
| County of Residence or of the Principal Place of Business:<br>**Out of State** | | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address)<br>ZIPCODE | | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>**410 N. Cedar Bluff Road, Suite 200, Knoxville, TN** | | ZIPCODE **37923** |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>See Exhibit D on page 2 of this form.<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7 ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☒ Chapter 11<br>☐ Chapter 12 ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |
| | Tax-Exempt Entity<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." ☒ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached<br>☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2,190,000.<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | | |

Estimated Number of Creditors
| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☒ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets
| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☒ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities
| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☒ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| Voluntary Petition *(This page must be completed and filed in every case)* | Name of Debtor(s): **IdleAire Technologies Corporation** | |
|---|---|---|
| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
| Location Where Filed: **None** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
| Name of Debtor: **None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☑ Exhibit A is attached and made a part of this petition. | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code. <br><br> X _____ <br> Signature of Attorney for Debtor(s)  Date |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☑ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord or lessor that obtained judgment)

_____
(Address of landlord or lessor)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| B1 (Official Form 1) (1/08) | |
|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>IdleAire Technologies Corporation |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United State Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br>X _____<br>Signature of Joint Debtor<br>_____<br>Telephone Number (If not represented by attorney)<br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br>(Check only one box.)<br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>Signature of Foreign Representative<br>_____<br>Printed Name of Foreign Representative<br>_____<br>Date |

| Signature of Attorney* | Signature of Non-Attorney Petition Preparer |
|---|---|
| X *(signatures)*<br>Signature of Attorney for Debtor(s)<br>**John J. Monaghan**    **William D. Sullivan**<br>Printed Name of Attorney for Debtor(s)   Sullivan Hazeltine Allinson LLC<br>**Holland & Knight LLP**<br>Firm Name     4 East 8th Street, Suite 400<br>**10 St. James Avenue**<br>Address<br>**Boston, MA 02116**    Wilmington DE 19801<br><br>**(617) 523-2700**    **(302) 428-8191**<br>Telephone Number<br>**May 12, 2008**<br>Date<br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br>_____<br>Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br>_____<br>Address<br>_____<br>X _____<br>Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.<br>_____<br>Date |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X *(signature)*<br>Signature of Authorized Individual<br>**Michael C. Crabtree**<br>Printed Name of Authorized Individual<br>**President & Chief Executive Officer**<br>Title of Authorized Individual<br>**May 12, 2008**<br>Date | Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.* |

B 1A (Official Form 1, Exhibit A) (9/97)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re  **IdleAire Technologies Corporation**,  )  Case No. _____

  Debtor  )

  )

  )  Chapter 11

## EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **0001162298**.

2. The following financial data is the latest available information and refers to the debtor's condition on **12/31/07**.

a. Total assets                                         $ **210,879,000.00**

b. Total debts (including debts listed in 2.c., below)  $ **303,616,000.00**

c. Debt securities held by more than 500 holders:

|  |  |  |  | Approximate number of holders: |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

d. Number of shares of preferred stock      **34,211,254**   **1,217**

e. Number of shares common stock            **49,481,964**   **858**

Comments, if any: _____

3. Brief description of debtor's business:
The debtor manufactures and services an Advanced Travel Center Electrification ® (ATE) System providing HVAC, Internet and other services to truck drivers parked at rest stops.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: Randy Massey, A.C. Wilson, Goldman Sachs, LHMPB (LBI), Jefferies & Company, Bear Stearns Securities Corp., Bank of New York, JP Morgan Chase, State Street Bank & Trust, BOAS/LONDN, Idle Arkansas Investors, Parsons Brinckerhoff Infrastructure Development Co. (3), CTV Holdings, PB Constructors, Inc., Michael C. Crabtree, David G. Everhart, J. Thomas Badgett, Dan H. Felton III

## CONSENT IN LIEU OF A SPECIAL MEETING
## OF THE BOARD OF DIRECTORS OF
## IDLEAIRE TECHNOLOGIES COMPANY

The undersigned, being all of the members of the Board of Directors (the "Board") of **IDLEAIRE TECHNOLOGIES CORPORATION**, a Delaware corporation (the "Company"), pursuant to Section 141(f) of the Delaware General Corporation Law ("DGCL") and the Bylaws of the Company, each as amended, by this consent do hereby waive the requirements of notice under the DGCL and consent to, take and adopt the following resolutions and actions:

### NOW THEREFORE, BE IT

**RESOLVED,** that in the judgment of the Directors of the Company it is desirable and in the best interests of the Company, its creditors, stockholders and other interested parties that the Company seek the protections of Chapter 11 of the Bankruptcy Code, 11 U.S.C. Section 101 *et. seq.*, and it is

**FURTHER RESOLVED,** that any of the Chief Executive Officer, President or Executive Vice President of the Company be, and hereby is, authorized, empowered and directed, in the name and on behalf of the Company ("Authorized Officer"), to execute, acknowledge, verify and deliver a petition pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. Section 101 *et. seq.* and to cause the same to be filed with the United States Bankruptcy Court, District of Delaware (the "Bankruptcy Court") on behalf of the Company at such time as the Authorized Officer executing the petition shall determine, and it is

**FURTHER RESOLVED** that any Authorized Officer be, and hereby is, authorized, empowered and directed to execute, acknowledge, verify and file such other instruments, schedules and other papers, and to take any and all other action that he or she in so acting, may deem necessary or proper to carry out the Company's Chapter 11 case, and it is

**FURTHER RESOLVED,** that the law firm of Holland & Knight LLP be, and hereby is, employed as counsel on behalf of the Company under a general retainer for the purpose of representing the Company in the Company's Chapter 11 case, which retention is subject to approval by the Bankruptcy Court, and it is

**FURTHER RESOLVED,** that Stephen Gray of CRG Partners Group LLC ("CRG") be, and hereby is, employed under a general retainer as Chief Restructuring Officer on behalf of the Company for as long as is deemed necessary to facilitate the Company's Chapter 11 case, which retention is subject to approval by the Bankruptcy Court, and it is

**FURTHER RESOLVED,** that CRG be, and hereby is, employed as financial consultants and advisers to the Company, and any Authorized Officer is authorized to enter any fee arrangement with CRG which is deemed necessary and appropriate, which retention and fee structure shall be subject to approval by the Bankruptcy Court, and it is

**FURTHER RESOLVED,** that Gordian Group, LLC ("Gordian") be, and hereby is, employed as investment bankers for the Company, and any Authorized Officer is authorized to

enter any fee arrangement with Gordian which is deemed necessary and appropriate, which retention and fee structure shall be subject to approval by the Bankruptcy Court, and it is

**FURTHER RESOLVED** that any Authorized Officer be, and hereby is, authorized, empowered and directed to instruct counsel to seek authority to engage Williams & Anderson PLC as special counsel to the independent board members, and it is

**FURTHER RESOLVED** that any Authorized Officer be, and hereby is, authorized, empowered and directed to employ other counsel and professionals of his or her choice to the extent necessary and to enter into such fee arrangements for payment of such counsel and professionals as deemed appropriate to further the Company's Chapter 11 case, including the delivery of retainers at the expense of the Company, in each case subject to approval by the Bankruptcy Court if required, and it is

**FURTHER RESOLVED** connection with the commencement of the Chapter 11 case by the Company, any Authorized Officer be, and hereby is, authorized, empowered and directed to negotiate, execute and deliver agreements for the use of cash collateral and post-petition financing in connection with the Company's Chapter 11 case, including the granting of liens to such lender(s) to such agreement(s), and to take such additional action and to execute and deliver each other agreement, instrument or document to be executed and delivered by or on behalf of the Company pursuant thereto or in connection therewith, in each case subject to approval by the Bankruptcy Court if required, and it is

**FURTHER RESOLVED** that any Authorized Officer and such other officers of the Company as the Authorized Officers shall designate from time to time, and any employees of agents (including counsel) designated by or directed by any such officers be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, and to take such other actions, as in the judgment of any such officer shall be necessary, proper, and desirable to effectuate a successful Chapter 11 case, and it is

**FURTHER RESOLVED** that in the connection of the Chapter 11 case, the Authorized Officers be, and hereby are, authorized and empowered on behalf of, and in the name of, the Company, to adopt a plan of reorganization and/or pursue a sale transaction to the extent deemed necessary and proper to further the Company's Chapter 11 case and/or provide a meaningful and appropriate manner for the Company to satisfy its debts, and it is

**FURTHER RESOLVED,** that any and all actions heretofore taken by any officer of the Company with respect to, and in contemplation of, the transactions contemplated by any of the foregoing resolutions are hereby ratified, approved, authorized and confirmed, and it is

**FURTHER RESOLVED,** that the Secretary be and is hereby directed to file an original copy of this Consent in the records of the Company.

**AND, with regard to Debtor-In-Possession Financing:**

**WHEREAS**, the Board has thoroughly reviewed and investigated the various options available to the Company to address the cash flow crisis currently facing the Company, has requested and received all relevant information required to allow it to make an informed decision, and has determined, based upon a considered and thoughtful review of all pertinent information and options, that in its best judgment, it is in the bests interest of the Company, its creditors, and its shareholders to obtain financing to fund the Company's obligations during its Chapter 11 case; and

**WHEREAS**, there has been presented to the Board (i) a form of Post-Petition Credit Agreement (the "Credit Agreement"), to be dated as of May __, 2008 (the "Effective Date"), to be executed by and among the Company, Wells Fargo Bank, National Association, as Administrative Agent and Collateral Agent (the "Agent"), and the lenders from time to time party thereto (the "Lenders"), whereby the Company will obtain a line of credit facility in the amount of $25,000,000.00 (the "Loan"); and (ii) a form of Security Agreement (which form is attached as Exhibit B hereto), to be dated as of May __, 2008 (the "Security Agreement"), to be executed by the Company in favor of the Agent for the Lenders whereby the Company will pledge and assign a security interest in the Collateral (as such term is defined in the Security Agreement); and

**NOW, THEREFORE**, it is:

**RESOLVED**, that any Authorized Officer is empowered and directed to negotiate, execute and deliver agreements for the use of post-petition financing in connection with the Company's Chapter 11 case, including the granting of priming liens and superpriority administrative expense claim status to any such lender(s) to such agreement(s), and to take such additional action and to execute and deliver each other agreement, instrument or document to be executed and delivered by or on behalf of the Company pursuant thereto or in connection therewith, in each case subject to approval by the Bankruptcy Court if required, and in forms substantially similar to the Credit Agreement and the Security Agreement and otherwise in forms reasonably acceptable to the authorized agent of the Company; and it is

**FURTHER RESOLVED**, that any Authorized Officer shall have the authority to execute and deliver, in such form and upon such terms and conditions as shall be approved in such officer's sole discretion (such approval to be conclusively deemed evidenced by execution thereof by such officer), and to cause to be performed the Company's obligations under the documents evidencing the Loan, and any future renewals, modifications, substitutions, extensions, amendments, supplements and restatements thereof, as shall be approved by the officer executing the same; and it is

**FURTHER RESOLVED**, that any Authorized Officer be, and hereby is authorized, empowered and directed to take all such further action and to execute and deliver all such further agreements, instruments and other documents, in the name and on behalf of the Company, and to pay any and all such expenses and taxes, as in such officer's sole and absolute judgment shall be deemed to be necessary, proper or advisable in order to fully carry out the intent and accomplish the purposes of the foregoing preambles and resolution and the transactions contemplated therein; and it is

**FURTHER RESOLVED,** that the taking of any action or the execution and delivery of any document authorized by the foregoing resolutions, and each of them, in the name and on behalf of the Company, by any Authorized Officer, as an authorized person, be deemed, and it hereby is authorized and empowered to be, conclusive proof of the approval thereof from this Board, without the necessity of affixing the corporate seal of the Company thereon; and it is

**FURTHER RESOLVED,** that the authority hereby conferred shall be deemed retroactive, and any and all acts authorized herein that were performed prior to the passage of these resolutions be, and they hereby are, approved, ratified and confirmed in all respects; and it is

**FURTHER RESOLVED,** that any Authorized Officer be, and each of them hereby is, authorized to certify to the Lenders and the Agent the adoption and approval of these resolutions and the name of each officer of the Company authorized to sign for the Company, as herein provided, and the office held by such officers.

**FURTHER RESOLVED,** that the Secretary of the Company is authorized and empowered to certify the passage of the foregoing resolutions under the seal of the Company.

Executed and acknowledged by the undersigned, being all of the members of the Board of Directors of the Company, effective May ___, 2008.

**DIRECTORS:**

*/s/ Michael C. Crabtree*
Michael C. Crabtree

_____
David Everhart

_____
Lana Batts

_____
Dan H. Felton III

_____
Thomas F. ("Mack") McLarty III

_____
Steve Kirkham

_____
Lewis Frazer III

4

**FURTHER RESOLVED,** that the taking of any action or the execution and delivery of any document authorized by the foregoing resolutions, and each of them, in the name and on behalf of the Company, by any Authorized Officer, as an authorized person, be deemed, and it hereby is authorized and empowered to be, conclusive proof of the approval thereof from this Board, without the necessity of affixing the corporate seal of the Company thereon; and it is

**FURTHER RESOLVED,** that the authority hereby conferred shall be deemed retroactive, and any and all acts authorized herein that were performed prior to the passage of these resolutions be, and they hereby are, approved, ratified and confirmed in all respects; and it is

**FURTHER RESOLVED,** that any Authorized Officer be, and each of them hereby is, authorized to certify to the Lenders and the Agent the adoption and approval of these resolutions and the name of each officer of the Company authorized to sign for the Company, as herein provided, and the office held by such officers.

**FURTHER RESOLVED,** that the Secretary of the Company is authorized and empowered to certify the passage of the foregoing resolutions under the seal of the Company.

Executed and acknowledged by the undersigned, being all of the members of the Board of Directors of the Company, effective May ___, 2008.

**DIRECTORS:**

_____
Michael C. Crabtree

_____
David Everhart

_____
Lana Batts

_____
Dan H. Felton III

_____
Thomas F. ("Mack") McLarty III

_____
Steve Kirkham

_____
Lewis Frazer III

4

**FURTHER RESOLVED**, that the taking of any action or the execution and delivery of any document authorized by the foregoing resolutions, and each of them, in the name and on behalf of the Company, by any Authorized Officer, as an authorized person, be deemed, and it hereby is authorized and empowered to be, conclusive proof of the approval thereof from this Board, without the necessity of affixing the corporate seal of the Company thereon; and it is

**FURTHER RESOLVED**, that the authority hereby conferred shall be deemed retroactive, and any and all acts authorized herein that were performed prior to the passage of these resolutions be, and they hereby are, approved, ratified and confirmed in all respects; and it is

**FURTHER RESOLVED**, that any Authorized Officer be, and each of them hereby is, authorized to certify to the Lenders and the Agent the adoption and approval of these resolutions and the name of each officer of the Company authorized to sign for the Company, as herein provided, and the office held by such officers.

**FURTHER RESOLVED**, that the Secretary of the Company is authorized and empowered to certify the passage of the foregoing resolutions under the seal of the Company.

Executed and acknowledged by the undersigned, being all of the members of the Board of Directors of the Company, effective May __, 2008.

**DIRECTORS:**

_____
Michael C. Crabtree

_____
David Everhart

*/s/ Lana Batts*
Lana Batts

_____
Dan H. Felton III

_____
Thomas F. ("Mack") McLarty III

_____
Steve Kirkham

_____
Lewis Frazer III

4

FURTHER RESOLVED, that the taking of any action or the execution and delivery of any document authorized by the foregoing resolutions, and each of them, in the name and on behalf of the Company, by any Authorized Officer, as an authorized person, be deemed, and it hereby is authorized and empowered to be, conclusive proof of the approval thereof from this Board, without the necessity of affixing the corporate seal of the Company thereon; and it is

FURTHER RESOLVED, that the authority hereby conferred shall be deemed retroactive, and any and all acts authorized herein that were performed prior to the passage of these resolutions be, and they hereby are, approved, ratified and confirmed in all respects; and it is

FURTHER RESOLVED, that any Authorized Officer be, and each of them hereby is, authorized to certify to the Lenders and the Agent the adoption and approval of these resolutions and the name of each officer of the Company authorized to sign for the Company, as herein provided, and the office held by such officers.

FURTHER RESOLVED, that the Secretary of the Company is authorized and empowered to certify the passage of the foregoing resolutions under the seal of the Company.

Executed and acknowledged by the undersigned, being all of the members of the Board of Directors of the Company, effective May __, 2008.

**DIRECTORS:**

_____
Michael C. Crabtree

_____
David Everhart

_____
Lang Batts

_____
Dan W. Felton III

_____
Thomas F. ("Mack") McLarty III

_____
Steve Kirkham

_____
Lewis Frazer III

4

**FURTHER RESOLVED,** that the taking of any action or the execution and delivery of any document authorized by the foregoing resolutions, and each of them, in the name and on behalf of the Company, by any Authorized Officer, as an authorized person, be deemed, and it hereby is authorized and empowered to be, conclusive proof of the approval thereof from this Board, without the necessity of affixing the corporate seal of the Company thereon; and it is

**FURTHER RESOLVED,** that the authority hereby conferred shall be deemed retroactive, and any and all acts authorized herein that were performed prior to the passage of these resolutions be, and they hereby are, approved, ratified and confirmed in all respects; and it is

**FURTHER RESOLVED,** that any Authorized Officer be, and each of them hereby is, authorized to certify to the Lenders and the Agent the adoption and approval of these resolutions and the name of each officer of the Company authorized to sign for the Company, as herein provided, and the office held by such officers.

**FURTHER RESOLVED,** that the Secretary of the Company is authorized and empowered to certify the passage of the foregoing resolutions under the seal of the Company.

Executed and acknowledged by the undersigned, being all of the members of the Board of Directors of the Company, effective May ___, 2008.

**DIRECTORS:**

_____
Michael C. Crabtree

_____
David Everhart

_____
Lana Batts

_____
Dan H. Felton III

*Thomas F. McLarty III* (signature)
Thomas F. ("Mack") McLarty III

_____
Steve Kirkham

_____
Lewis Frazer III

4

**FURTHER RESOLVED**, that the taking of any action or the execution and delivery of any document authorized by the foregoing resolutions, and each of them, in the name and on behalf of the Company, by any Authorized Officer, as an authorized person, be deemed, and it hereby is authorized and empowered to be, conclusive proof of the approval thereof from this Board, without the necessity of affixing the corporate seal of the Company thereon; and it is

**FURTHER RESOLVED**, that the authority hereby conferred shall be deemed retroactive, and any and all acts authorized herein that were performed prior to the passage of these resolutions be, and they hereby are, approved, ratified and confirmed in all respects; and it is

**FURTHER RESOLVED**, that any Authorized Officer be, and each of them hereby is, authorized to certify to the Lenders and the Agent the adoption and approval of these resolutions and the name of each officer of the Company authorized to sign for the Company, as herein provided, and the office held by such officers.

**FURTHER RESOLVED**, that the Secretary of the Company is authorized and empowered to certify the passage of the foregoing resolutions under the seal of the Company.

Executed and acknowledged by the undersigned, being all of the members of the Board of Directors of the Company, effective May __, 2008.

**DIRECTORS:**

_____
Michael C. Crabtree

_____
David Everhart

_____
Lana Batts

_____
Dan H. Felton III

_____
Thomas F. ("Mack") McLarty III

_/s/ Steve Kirkham_____
Steve Kirkham

_____
Lewis Frazer III

4

**FURTHER RESOLVED,** that the taking of any action or the execution and delivery of any document authorized by the foregoing resolutions, and each of them, in the name and on behalf of the Company, by any Authorized Officer, as an authorized person, be deemed, and it hereby is authorized and empowered to be, conclusive proof of the approval thereof from this Board, without the necessity of affixing the corporate seal of the Company thereon; and it is

**FURTHER RESOLVED,** that the authority hereby conferred shall be deemed retroactive, and any and all acts authorized herein that were performed prior to the passage of these resolutions be, and they hereby are, approved, ratified and confirmed in all respects; and it is

**FURTHER RESOLVED,** that any Authorized Officer be, and each of them hereby is, authorized to certify to the Lenders and the Agent the adoption and approval of these resolutions and the name of each officer of the Company authorized to sign for the Company, as herein provided, and the office held by such officers.

**FURTHER RESOLVED,** that the Secretary of the Company is authorized and empowered to certify the passage of the foregoing resolutions under the seal of the Company.

Executed and acknowledged by the undersigned, being all of the members of the Board of Directors of the Company, effective May __, 2008.

**DIRECTORS:**

_____
Michael C. Crabtree

_____
David Everhart

_____
Lana Batts

_____
Dan H. Felton III

_____
Thomas F. ("Mack") McLarty III

_____
Steve Kirkham

_____
Lewis Frazer III

4

## United States Bankruptcy Court
## District of Delaware

IN RE:  Case No. _____

IdleAire Technologies Corporation  Chapter 11
_____
Debtor(s)

### LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| Wells Fargo Bank, N.A. as Admin. Agent<br>MAC-N9303-120 (IdleAire)<br>Sixth Street and Marquette Avenue<br>Minneapolis, MN 55479 | Fax: (612) 667-9825 | Debt | | Unknown |
| PB Constructors Inc.<br>c/o Parsons Brinckerhoff Inc.<br>One Penn Plaza<br>New York, NY 10119 | Fax: (212) 465-5096 | Litigation related | Contingent<br>Unliquidated<br>Disputed | 23,000,000.00 |
| Nancy Younger; Estate Of William Younger<br>c/o Don A. Russo, Esq.<br>7990 Red Road<br>Miami, FL 33143 | Fax: (305) 665-7146 | Litigation related | Contingent<br>Unliquidated<br>Disputed | 18,000,000.00 |
| KPMG Corporate Finance LLC<br>345 Park Avenue<br>New York, NY 10154 | Fax: (212) 409-8340 | Services | Disputed | 400,000.00 |
| Getzler Henrich & Associates LLC<br>KAREN DUNDAS<br>295 MADISON AVE-20TH FLOOR<br>New York, NY 10017 | Fax: (212) 697-4812 | Trade debt | Disputed | 317,639.58 |
| BlueCross BlueShield of Tenn<br>Receipts Department<br>PO Box 180172<br>Chattanooga, TN 37401-7172 | Fax: (423) 755-3178 | Trade debt | | 294,465.87 |
| Advantage IQ Inc.<br>1313 North Atlantic Street, Suite 5000<br>Spokane, WA 99201 | Fax: (509) 329-7287 | Trade debt | | 214,876.38 |
| Verizon Business<br>P.O. Box 371873<br>Pittsburgh, PA 15250-7873 | | Trade debt | | 146,464.76 |
| Space Connections<br>2903 Highway 411 N<br>Madisonville, TN 37354 | Fax: (423) 442-6516 | Trade debt | | 131,395.32 |
| Bowne<br>PO Box 6081 – Church Street Station<br>New York, NY 10277-2706 | Fax: (212) 229-3400 | Trade debt | | 109,385.00 |
| LodgeNet Entertainment Corp<br>Steve Truckenmiller<br>3900 W. Innovation Street<br>Sioux Falls, SD 57107-7002 | Fax: (605) 988-1323 | Trade debt | | 103,781.77 |
| Communications Development<br>Shea Thrash<br>PO Box 13996<br>Maumelle, AR 72113 | Fax: (501) 851-0109 | Trade debt | | 100,737.53 |

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| | | | |
|---|---|---|---|
| AT&T<br>PO Box 13148<br>Newark, NJ 07101-5648 | | Trade debt | 59,871.90 |
| Besco<br>P.O. Box 3250<br>Knoxville, TN 37927-3250 | Fax: (865) 546-2104 | Trade debt | 53,038.50 |
| Dimension Graphics<br>13915 West 107th Street<br>Lenexa, KS 66215 | Fax: (913) 469-6805 | Trade debt | 51,238.69 |
| Grace Commercial Properties<br>P.O. Box 4428<br>Johnson City, TN 37602 | | Rent | 46,412.32 |
| United Rentals Northwest Inc.<br>Sharon Martorana<br>2138 Espey Court<br>Crofton, MD 21114 | Fax: (410) 451-1132 | Trade debt | 45,104.89 |
| E.S. Contractor Services LLC<br>Scott McDonald<br>1627 Old Towne Ave<br>West Bloomfield, MI 48324 | Fax: (248) 681-0187 | Trade debt | 37,086.00 |
| United Parcel Service<br>Lockbox 577<br>Carol Stream, IL 60132-0577 | | Trade debt | 36,596.12 |
| Sparks Technology Inc<br>Carrie Kirkpatrick<br>PO BOX 1339<br>St. Charles, IL 60174 | Fax: (630) 482-3606 | Trade debt | 32,465.01 |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, [the president *or* other officer *or* an authorized agent of the corporation][*or* a member *or* an authorized agent of the partnership] named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date: May 12, 2008   Signature: *Micheal C Crabtree*

**Michael C. Crabtree, President & Chief Executive Officer**
(Print Name and Title)

© 1993-2008 EZ-Filing, Inc. (1-800-998-2424) - Forms Software Only

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>IDLEAIRE TECHNOLOGIES<br>CORPORATION,<br>              Debtor. | Chapter 11<br>Case No. _____ (___) |

### CORPORATE OWNERSHIP STATEMENT PURSUANT TO
### FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(a)(1) AND 7007.1

Michael C. Crabtree declares under penalty of perjury under the laws of the United States of America, as follows:

1. I am President and Chief Executive Officer of IdleAire Technologies Corporation ("IdleAire").

2. The following entities own, directly or indirectly, 10% or more of any class of equity interests of IdleAire on a fully diluted basis: Jefferies & Company, Bear Stearns Securities Corp., State Street Bank & Trust, Idle Arkansas Investors, Parsons Brinckerhoff Infrastructure Development Company, CTV Holdings, Inc. and PB Constructors, Inc.

Executed this 12th day of May, 2008.

                                                    */s/ Michael C. Crabtree*
                                                  Michael C. Crabtree
                                                  President and Chief Executive Officer

# 5302726_v1