IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>IDLEAIRE TECHNOLOGIES<br>CORPORATION,<br><br>Debtor. | Chapter 11<br><br>Case No. 08-10960 (KG)<br><br>Dkt. No. 487 |
| WAUSAU BUSINESS INSURANCE<br>COMPANY and EMPLOYERS INSURANCE<br>OF WAUSAU COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>IDLEAIRE TECHNOLOGIES<br>CORPORATION, NANCY YOUNGER and<br>ESTATE OF WILLIAM YOUNGER<br><br>Defendants. | Adv. No. 08-51227 (KG)<br><br>Re: Dkt. No. 44 |

## ORDER

Wausau Business Insurance Company and Employers Insurance Company of Wausau (jointly, "Wausau") have brought this adversary proceeding, seeking a ruling that they are not obligated to provide insurance coverage on behalf of Debtors in an

action brought by the Estate of William Younger and Nancy Younger (the "Youngers"). The Youngers' suit is pending in state court in Tennessee (the "Tennessee Action"). A more detailed factual background can be found in the Court's Opinion, issued on February 18, 2009 (Dkt. No. 28). In summary, the Court denied Wausau's motion to dismiss and for summary judgment (Dkt. No. 11) (the "Wausau Motion"), holding that a pollution exclusion in Debtors' policies did not apply under the facts of the case (the "Exclusion Ruling") and that there were factual issues which precluded summary judgment on Wausau's allegations that Debtors violated the conditions of the policies, namely, late notice, and breached the cooperation and voluntary payments clauses of the policies (the "Breach Issues"). Wausau has appealed the Exclusion Ruling to the District Court and the appeal is awaiting decision.

The issues presently before the Court arise from an agreement between the parties, which the Court approved. The Youngers had moved for relief from the automatic stay to proceed with the Tennessee Action (Main Case, Dkt. No. 304) (the "Stay Relief Motion"), which Wausau opposed. The parties entered into a Stipulated Scheduling Order (the "Stipulation") which the Court approved by Order, dated October 1, 2008 (Dkt. No. 7). The Stipulation scheduled the briefing of the Wausau

Motion and further provided:

> B. With respect to the Stay Motion:
> 5. The Stay Relief Motion shall be deferred pending the final resolution of the Adversary Proceeding.

It is the quoted language which has created the dispute giving rise to this Order.

The Youngers, understandably discontent with the delay in prosecuting the Tennessee Action, have renewed the Stay Relief Motion (Main Case, Dkt. No.487). They allege that Mrs. Younger is ill and in financial distress and they wish to proceed to recover for the harm the Youngers have suffered. The Youngers argue that when they agreed to the language from paragraph 5 of the Stipulation, quoted above, they did not contemplate an appeal and the delay that has transpired. Wausau, in response, has moved to enforce the Stipulation (Dkt. No. 44 ), arguing that the Youngers, represented by counsel, agreed to all of the terms of the Stipulation and that in consideration for the Youngers' agreement to defer the Stay Relief Motion, Wausau agreed to expedite the Wausau Motion. Although the Court is prepared to rule on the controversy at hand, there are practical considerations which control. While the Youngers are anxious to proceed with the Tennessee Action for obvious and valid reasons, if the Court determines that Wausau's coverage defenses are valid, there will be no funding for any verdict in favor of the Youngers. At the same time, the Court

is mindful that "justice delayed is justice denied" and if coverage exists, the Youngers may be entitled to proceed with the Tennessee Action given the injuries suffered and the delay that has already occurred. The Court is not deciding those issues at this time.

Rather, the Court will expedite the trial on the Breach Issues and, if the Youngers prevail will then reexamine whether to grant the Stay Relief Motion or determine if the Stipulation is enforceable as Wausau insists.

Accordingly, a one day trial in this adversary proceeding will take place on October 26, 2009, beginning at 9:00 a.m. Wausau previously submitted a proposed scheduling order with a suggested trial date of December 7, 2009. The earlier trial date will require the adjustment of the schedule and the Court requests that Wausau revise the schedule to reflect the October 26, 2009, trial, circulate it to the Youngers and that the parties submit either a consensual order or separate forms for the Court's consideration.

SO ORDERED.

August 21, 2009

_____
U.S.B.J.