# EXHIBIT A

Page 1

Not Reported in B.R., 1992 WL 611459 (Bkrtcy.S.D.Miss.)
(Cite as: 1992 WL 611459 (Bkrtcy.S.D.Miss.))

Only the Westlaw citation is currently available.

United States Bankruptcy Court, S.D. Mississippi,
Southern Division.
In re MALONE PROPERTIES, INC.
Bankruptcy No. 8607364 SGR.

June 17, 1992.

*OPINION*

EDWARD R. GAINES, Bankruptcy Judge.

*1 Insurance Company of North America filed a motion in this proceeding for reconsideration of an agreed order lifting the automatic stay that allowed parties to proceed in a lawsuit against the debtor, who was the insured, to the extent of insurance coverage. The matter was submitted to the Court on briefs for determination. After review of the pleadings and briefs, the Court concludes that the motion filed by Insurance Company of North America should be denied.

*I. BACKGROUND* FN1

1. On December 3, 1983, Carroll D. Malone, Jr. died as a result of injuries in an aircraft accident. Malone was President and sole stockholder of Malone Properties, Inc.

2. On March 11, 1986, Malone Properties, Inc. filed a petition for relief under Title 11 of the United States Code.FN2

3. The Estate of Carroll D. Malone, Jr. filed suit against Malone Properties, Inc. and General Electric Credit Corporation on December 1, 1989 in the Circuit Court of Harrison County, Mississippi. The suit was subsequently removed to the United States District Court for the Southern District of Mississippi.

4. Insurance Company of North America (INA) was the carrier of an insurance policy for Malone Properties, Inc.

5. On April 2, 1990, William N. Malone, Executor of the Estate of Carroll D. Malone, Jr., filed a motion to lift the automatic stay to proceed with the lawsuit. The movant asserted that, "INA is insuring and is to defend Malone Properties, Inc. and is required by law to pay the claims of the Plaintiff up to the limits allowed by law." The motion was not served on INA.

6. On April 3, 1990 a notice of preliminary hearing on the motion to lift the automatic stay filed by the Estate of Carroll D. Malone, Jr. was issued from this Court. INA was not listed on the notice as a party to be served.

7. An agreed order was entered on May 9, 1990 lifting the automatic stay to enable pursuit of the lawsuit against Malone Properties, Inc. The order provided that there existed a policy of insurance issued by INA insuring Malone Properties, Inc. which would satisfy the judgment or a part thereof. The order further stated that the stay "is hereby terminated solely to the extent of any insurance coverage". The agreed order was signed by the attorney for the Trustee and the attorney for the Estate of Carroll D. Malone, Jr.

8. Ten months later, on March 14, 1991, a Final Judgment by default was entered against Malone Properties, Inc. in the District Court action in the amount of $3,091,157.00. The judgment provided that, "[T]he automatic stay has been lifted to the extent of insurance coverage and a Final Judgment should be entered and execution may issue to the extent of insurance coverage". Writ of Garnishment was issued against INA in October of 1991.

9. On February 2, 1992, INA filed its motion for reconsideration of the agreed order lifting the automatic stay in this Court claiming that INA did not

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 2

Not Reported in B.R., 1992 WL 611459 (Bkrtcy.S.D.Miss.)
(Cite as: 1992 WL 611459 (Bkrtcy.S.D.Miss.))

receive notice that the stay had been lifted and alleging deprivation of property without due process of law in violation of the Fourteenth Amendment.

*2 10. The Trustee responded to the motion claiming that the motion is not timely filed, that INA lacks standing to seek the requested relief, and that the insurance carrier is not entitled to notice on application for relief from stay. Additionally, the Trustee responded that counsel for the trustee and claimant had requested INA to undertake a defense on behalf of the Trustee on numerous occasions and that INA did nothing.

11. The Estate of Carroll D. Malone, Jr. responded to the motion of INA by stating that the contract for insurance was binding whether the debtor was in bankruptcy or not, that INA had been aware of the lifting of the stay for quite some time, and that no rights under the Fourteenth Amendment had been violated.

12. Briefs were subsequently filed on the issues raised and the matter was submitted to the Court for determination.

## II. CONCLUSIONS

The matter before the Court is a core proceeding under 28 U.S.C. § 157. The Court has jurisdiction pursuant to 28 U.S.C. § 1334.

Section 362(d) of Title 11 of the United States Code provides that:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

(1) for cause, ...

11 U.S.C. § 362(d). Notice and hearing is defined in Section 102 of Title 11 as follows:
In this title-

(1) "after notice and a hearing", or a similar phrase-

(A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; ...

11 U.S.C. § 102(1)(A).

Pursuant to Federal Rule of Bankruptcy Procedure 4001 a motion for relief from an automatic stay shall be made in accordance with Rule 9014. Rule 9014 provides that:

In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought.

Fed.R.Bankr.P. 9014. Additionally, Rule 9013 provides that:
Every written motion other than one which may be considered ex parte shall be served by the moving party on the trustee or debtor in possession and on those entities specified by these rules or, if service is not required or the entities to be served are not specified by these rules, the moving party shall serve the entities the court directs.

Fed.R.Bankr.P. 9013.

These rules provide a basis upon which the Court may coordinate notice requirements with particular circumstances surrounding a motion, such as a motion for relief from the automatic stay. The circumstances here are that the debtor's insurer claims that it should have been provided with notice of a motion for relief from the stay and the subsequent order granting such relief in which a party was allowed to proceed against the debtor to the extent of insurance coverage. There is some question based on the pleadings filed by the parties as to whether the insurer, Insurance Company of North America, received a copy of the order lifting the stay, although there is no dispute that INA was not noticed of the motion or the hearing thereon.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in B.R., 1992 WL 611459 (Bkrtcy.S.D.Miss.)
(Cite as: 1992 WL 611459 (Bkrtcy.S.D.Miss.))

Page 3

*3 The Court cannot conclude that INA was entitled to such notice where there has been no showing of an injury that resulted to INA which was specifically caused by a lack of notice of the motion or order granting relief from the automatic stay. The damage that INA claims resulted from a deprivation of due process stems from a default judgment that was entered, subsequent to the order granting relief from the stay, in another court. The order lifting the stay here only provided the parties with the authority to obtain relief in another forum. The issue of deprivation of notice, if any, in the entry of the default judgment is not before this Court.[FN3]

In addition, the Court cannot conclude that a party is required to have notice of a motion or the hearing thereon, if the party would not have standing to appear before the Court at that hearing. In *In re Bird,* 1990 U.S.Dist. LEXIS 2298 (D.Kan.1990), the District Court stated that:

Rule 9014 does not call for notice to anyone other than "the party against whom relief is sought." It is important to remember that the Motion for Relief from Stay is only to determine whether the protection of the automatic stay, which became effective upon the filing of the Bankruptcy Petition by [the debtor], should continue to protect the [Property in question]. Relief from Stay would simply return the parties to whatever legal relationship existed before commencement of the case. (citations omitted) ... Therefore, based on the above, there is no basis to conclude, ... that Prudential was entitled to notice of the motion for relief from the stay ...

*Id.* at 20. Any defense that INA could have brought in a proceeding to determine whether or not INA would be contractually bound under the insurance policy with Malone Properties[FN4] would not, under the circumstances here, have been an appropriate matter to raise at a hearing on the motion to lift stay by the Estate of Carroll Malone.[FN5] Moreover, the order granting relief from the stay did not preclude INA from asserting any defenses in the court in which suit was pending, and therefore, did not deny INA a forum in which those obligations could have been adjudicated, as argued.[FN6]

Regardless of whether or not INA was entitled to notice of the motion or order granting relief from the stay, the Court further concludes that the motion requesting this Court to reconsider the order was not timely filed. As set out in the chronology of pleadings, the order granting relief was entered in May of 1990. The Final Judgment was entered in the District Court in March of 1991. The motion for reconsideration of the order entered in this Court was not filed until February of 1992. There is no indication in the pleadings that INA was not aware that the stay had been lifted prior to entry of the Final Judgment. As stated in *In re Bird,* 1990 U.S.Dist. LEXIS 2298 (D.Kan.1990):

Thus, Prudential either knew or should have known that an order lifting the automatic stay had been entered in favor of PSB and PCA. There does not appear in the record before this court a reason which would justify Prudential's failure to raise the issue for more than one year.

*4 *Id.* at 21.

Based on the above analysis the Court concludes that INA has not shown a sufficient basis upon which the Court should grant relief in its favor, and that INA has not been timely in its request. The motion for reconsideration of the agreed order lifting the stay should be denied.

An order will be entered consistent with these findings and conclusions pursuant to Federal Rule of Civil Procedure 58 and Federal Rule of Bankruptcy Procedure 9021.

> FN1. Factual background is taken from pleadings and memoranda submitted by the parties.
>
> FN2. The original petition was filed under Chapter 11 of Title 11. On January 25, 1990 the case was converted to Chapter 7.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 4

Not Reported in B.R., 1992 WL 611459 (Bkrtcy.S.D.Miss.)
(Cite as: 1992 WL 611459 (Bkrtcy.S.D.Miss.))

FN3. The pleadings indicate that the trustee or his attorney made numerous demands on INA to defend the suit prior to entry of the Final Judgment by default.

FN4. As noted in the briefs, the Trustee and the Estate of Carroll D. Malone, Jr. have asserted that the debtor's discharge would not affect INA's liability under its policy pursuant to 11 U.S.C. § 524. *See also, In re White,* 73 B.R. 983 (Bankr.D.Dist.Col.1987); *In re Traylor,* 94 B.R. 293 (Bankr.E.D.N.Y.1989)

FN5. The Court does not by this conclusion preclude the possibility that there could be some circumstance in which an insurer would have standing to appear and be heard on a motion for relief from stay. Such circumstances are not present here.

FN6. *See also, In re Pointer,* 952 F.2d 82 (5th Cir.1992) on requirements of standing under the constitution and under the Bankruptcy Code.

Bkrtcy.S.D.Miss.,1992.
In re Malone Properties, Inc.
Not Reported in B.R., 1992 WL 611459 (Bkrtcy.S.D.Miss.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.