

**EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IDLEAIRE TECHNOLOGIES CORPORATION, | ) | Case No. 08-10960 (KG) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| WAUSAU BUSINESS INSURANCE COMPANY | ) | |
| and EMPLOYERS INSURANCE OF WAUSAU | ) | |
| COMPANY, | ) | |
| | ) | |
| Plaintiffs/Counterclaim | ) | |
| Defendants, | ) | |
| v. | ) | Adv. Pro. No. 08-51227 (KG) |
| | ) | |
| IDLEAIRE TECHNOLOGIES CORPORATION, | ) | |
| | ) | |
| Debtor/Defendant/ | ) | |
| Counterclaim Plaintiff, | ) | |
| and | ) | |
| | ) | |
| NANCY YOUNGER and | ) | |
| ESTATE OF WILLIAM YOUNGER, | ) | |
| | ) | |
| Claimants/Movants/Defendants. | ) | |
| _____ | ) | |

## YOUNGER CLAIMANTS/DEFENDANTS' RESPONSE OBJECTING TO THE WAUSAU INSURERS' "MOTION TO COMPEL ENFORCEMENT OF THIS COURT'S ORDERS" AND
## YOUNGER CLAIMANTS' MOTION FOR ORDER LIFTING STAY

Claimants/Defendants Nancy Younger and the Estate of William Younger (the "Youngers") hereby respectfully file this response objecting to the Plaintiffs/Counterclaim Defendants Wausau Insurers' so-called "Motion to Compel Enforcement of this Court's Orders." (DE #44 p. 5, Adv. Pro. No. 08-51227 (KG), attached as Exhibit 1). As set forth below, the relief the Wausau Insurers seek is *not* called for by any prior order from this Court, and is unwarranted and unfair in the extreme. The Youngers accordingly submit that the Wausau

Insurers' motion should be denied. The Youngers also seek issuance of an order lifting the automatic stay so as to protect their tort claims pending in Tennessee state court, with which the Youngers would proceed on the stipulation that recovery of any judgment obtained in that state court litigation would be pursued only against the Debtor's liability insurance carriers (*i.e.*, the Wausau Insurers) as set forth herein and in the Youngers' motion for relief from stay (DE #304, Case No. 08-10960 (KG), attached as Exhibit 2).

**A.   The Wausau Insurers "Motion to Compel Enforcement of this Court's Orders" is inaccurate and seeks relief inconsistent with the parties' intentions.**

The Wausau Insurers' motion purportedly is based on a need to "enforce" prior orders of this Court, but that is not the case. In fact, the Wausau Insurers refer to **stipulated** orders prepared and submitted by the Wausau Insurers themselves, entitled "Stipulated Scheduling Order" (DE #6, Adv. Pro. No. 08-51227 (KG), attached as Exhibit 3) and form "Order Approving Stipulated Scheduling Order" dated October 1, 2008 (DE #7, Adv. Pro. No. 08-51227 (KG), attached as Exhibit 4). The "orders" in question set a briefing schedule for the Wausau Insurers' motion for summary judgment on the issue of insurance coverage based on certain defenses the they had raised, including pollution exclusions in their policies.

The circumstances that led to entry of these "orders" were an agreement that it would be beneficial to all parties to obtain from this Court early in these proceedings an answer regarding whether the Wausau Insurers' policies provide coverage for the Youngers' personal injury and death claims arising from the malfunction of one of the Debtor IdleAire's products. When IdleAire initiated these bankruptcy proceedings, the Youngers' action against IdleAire in Tennessee state court was automatically stayed pursuant to Section 362 of the Bankruptcy Code. Due to the existence of the liability insurance provided to IdleAire under the Wausau Insurers'

2

policies (which were in effect when the Youngers' claims arose), the Youngers sought relief from the automatic stay so that their tort claims against IdleAire could proceed in Tennessee state court to judgment to be recovered - not from IdleAire - but from those insurance proceeds that might be available under IdleAire's liability policies with the Wausau Insurers.

On the other hand, although the Wausau Insurers sought to avoid their responsibilities under the liability policies they had issued to IdleAire, they did not want to raise their coverage issues in Tennessee state court proceedings. Absent the fortuity (from the Wausau Insurers' perspective) of these bankruptcy proceedings, Tennessee state court is exactly where the Wausau Insurers would have had to raise their coverage issues. To further their own ends, the Wausau Insurers filed papers with this Court opposing the Youngers' motion to lift the automatic stay (DE #326, Case No. 08-10960 (KG), attached as Exhibit 5), and simultaneously filed this adversary proceeding seeking a declaratory judgment from this Court that coverage for the Youngers' tort claims is not available under their policies.

In their opposition to the Youngers' motion to lift the automatic stay, the Wausau Insurers argued that it would be much more efficient - and much less of an imposition on judicial resources - for this Court to decide whether their policies provide coverage for the Youngers' tort claims. In those opposition papers, the Wausau Insurers quoted <u>Peerless Insurance Co. v. Rivera</u>, 208 B.R. 313, 318 (D.R.I. 1997): "[A]n early determination of coverage would enhance the prospects of settling those claims. On the other hand, an early determination that no coverage exists would be dispositive of the [tort claim] actions ... and would eliminate the need to litigate questions of liability and/or damages." (Ex. 5 at p. 12)

Although the Youngers had perfectly valid arguments for proceeding with their Tennessee state court lawsuit and/or for insisting that any litigation over the Wausau Insurers' coverage

3

obligations take place there,[1] the Youngers decided not to waste time litigating over forum and venue issues. Instead, consistent with the Wausau Insurers' expressed desire to obtain an early resolution of the coverage issues, the Youngers consented to the Wausau Insurers' request that the coverage issues be decided by this Court, with the Wausau Insurers to move directly forward with filing their motion for summary judgment on coverage.

In that context, the Youngers agreed to entry of a stipulated scheduling order setting out the dates for briefing and arguing the Wausau Insurers' summary judgment motion on coverage. The result was the "Stipulated Scheduling Order" (Ex. 3) and "Order Approving Stipulated Scheduling Order" dated October 1, 2008 (Ex. 4), which set the briefing and oral argument schedule.

In drafting the proposed stipulated scheduling orders, the Wausau Insurers included an unrelated sentence stating: "The Stay Relief Motion shall be deferred pending the final resolution

---

[1] The Declaratory Judgment Act provides that a district court "*may* declare the rights and other legal relations of any interested party seeking such declaration...." 28 U.S.C. § 2201(a) (emphasis added). This language affords the district court "discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). "The fact that a declaratory judgment may be appropriate in a particular insurance situation does not mean that the court must entertain the action. The court always has discretion to refuse to hear an action of this kind[.]" 10B Wright & Miller: Federal Prac. & Proc. § 2760, Particular Cases - Insurance (2009). Because the insurance issue involved unsettled state law - specifically, Tennessee's approach to insurers' attempts to use pollution exclusions to avoid affording coverage in circumstances not involving pollution, but rather an insured's general liability that incidentally arises from a chemical or gas - the Youngers had a strong basis for arguing that the courts of Tennessee were more suited to resolve the insurance issue that was instead presented to this Court. See, e.g., Travelers Indem. Co. v. Bowling Green Professional Associates, PLC, 495 F.3d 266 (6th Cir. 2007); State Auto. Mut. Ins. Co. v. Frazier's Flooring, Inc., 2009 WL 693142 (E.D. Tenn. 2009).

4

of the Adversary Proceeding." (Ex. 3 at p. 3).[2]  At the time, the Youngers thought nothing of that sentence because (1) when that Stipulated Scheduling Order was submitted to the Court on September 29, 2008, the Youngers' "Stay Relief Motion" (*i.e.*, their motion to lift the automatic stay) had been resolved by a separate stipulation that was then awaiting Court approval and (2) the Youngers took the Wausau Insurers at their word that the Stipulated Scheduling Order was meant to facilitate an "early determination" of the coverage issues, whereupon all parties would be able to proceed accordingly – *i.e.*, to abandon the Tennessee state court action if there was no insurance coverage from which the Youngers could recover, to proceed with that action under the "enhanced prospects of settling those claims" referenced in the Wausau Insurers' filings, or to try that action to judgment, if need be.  Summary judgment briefing and oral argument were thereafter completed.

Nor surprisingly, the Wausau Insurers' previously expressed goal of obtaining an early coverage determination from this Court was cast by the wayside when the they received the Court's February 18, 2009 opinion and order stating that coverage for the Youngers' tort claims was not barred as a matter of law under the Wausau Insurers' policies.  At that point, the Wausau Insurers raised for the first time the notion that obtaining an "early" coverage determination from this Court had not been their goal.  Rather, as indicated by the Wausau Insurers' Motion for Leave to Appeal filed two weeks later on March 2, 2009 (DE #31, Adv. Pro. No. 08-51227 (KG), attached as Exhibit 6), their true intention had been to appeal any adverse ruling on

---

[2] "Adversary Proceeding" was defined in the Stipulated Scheduling Order as the Wausau Insurers' "Complaint [against the Debtors and Younger Claimants] seeking a declaratory judgment of the parties' rights and obligations under contracts of insurance issued by Wausau to the Debtor[.]" (Ex. 3 at p 2).

coverage (1) to the district court; (2) thereafter to the U.S. Third Circuit Court of Appeal; and (3) thereafter to seek certification to the Tennessee Supreme Court.

The Youngers strenuously object. As a threshold matter, the provision in the Stipulated Scheduling Order on which the Wausau Insurers base their entire argument (*i.e.*, "The Stay Relief Motion shall be deferred pending the final resolution of the Adversary Proceeding") simply requires that the Youngers' motion for relief from stay, and not their entire underlying torts claims, be stayed during this adversary proceeding. Once this Court entered an order on September 29, 2009 approving the parties' stipulation to resolve the Youngers' motion for relief from stay, that provision became meaningless surplusage and had no effect. More importantly, a determination from the Tennessee Supreme Court regarding coverage issues was not at all what the Wausau Insurers proposed in asking the Youngers to agree to have the coverage issue decided by this Court. Nor does their now-claimed desire for such a determination from the Tennessee Supreme Court comport with their proposals that the parties obtain an early determination of the coverage issues and/or proceed in this Court. If the Wausau Insurers wanted a Tennessee state court determination of the coverage issues, then the most direct and expeditious way to proceed was through the Youngers' Tennessee state court action - *not* through three layers of federal courts for the sole purpose of then seeking certification to the Tennessee Supreme Court. Nor does the procession through three layers of federal courts to reach the Tennessee Supreme Court *in any way* constitute a means for obtaining an early resolution of the coverage issues.

If the Wausau Insurers had revealed to the Youngers that they were prepared to obtain the "early" coverage determination through the most circuitous, cumbersome, and time-consuming route possible - *i.e.*, through three federal court levels and then the Tennessee Supreme Court -

6

the Youngers obviously would not have agreed. The idea was simply to obtain a coverage ruling from this Court and proceed accordingly, as the Wausau Insurers' own filings show. The Wausau Insurers repeatedly referred to resolution of the coverage issues by this Court:

> First [i.e., before considering the Younger Claimants' motion for relief from stay], *this Court should resolve important coverage issues posed by the Youngers' claim in an adversary proceeding here.*

> * * *

> To avoid prejudice to both IdleAire and Insurers (and any other potential creditors who might have claims that would fall under IdleAire's insurance), *this Court should resolve all issues relating to IdleAire's bankruptcy,* including the applicability of IdleAire's insurance policies to the Youngers' claim.

> * * *

> *Whether insurance coverage exists for the Youngers' claim should be resolved by this Court before the Court determines whether to allow the tort claim to proceed.*

> * * *

> *If the Court were to find that coverage somehow exists notwithstanding the policies' pollution exclusions, then the Younger action could proceed after this Court addresses the adversary proceeding on the coverage issues.*

> * * *

> *[I]t is important for this Court to address the coverage issues before any tort claim proceeds*[.]

> * * *

> [T]he purpose of the automatic stay, which is to even the playing field among all available creditors, *supports this Court determining whether IdleAire's policies respond to the Youngers' claim.*

> * * *

> [B]efore allowing the Younger Action that seeks to exhaust the policy limits to proceed, *this Court should establish whether they make a proper claim for coverage.*

* * *

> *This Court should ... resolve the coverage issues first through the adversary proceeding filed by the Insurers[.]*

* * *

> <u>*Resolving coverage issues within the context of the bankruptcy proceeding*</u> *is the fairest and most efficient way to proceed.*

(Ex. 5 at pp. 4-13) (emphasis added).

In the subject motion to "enforce this Court's orders," the Wausau Insurers now act as if this Court ordered the coverage determination to proceed through all federal and then Tennessee Supreme Court review, and also ordered the Youngers' Tennessee state court suit to remain stayed throughout that entire time. Since the orders in question were stipulated orders, the Wausau Insurers imply that the Youngers agreed to those conditions. The Wausau Insurers are not correct on either score. That was not what the Wausau Insurers proposed - as their own filings confirm – or what the Youngers agreed to.

Notably, notwithstanding oft-repeated claims that the Wausau Insurers are motivated by judicial economy, their current position would require the following sequence of events before the Youngers could secure any recovery. First, the Wausau Insurers' motion for leave to file an interlocutory appeal of this Court's order would have to be granted. As they have indicated, the Wausau Insurers would then seek to appeal that order from this Court to the district court; from the district court to the Third Circuit; from the Third Circuit to the Tennessee Supreme Court. Thereafter, if this Court's rulings are affirmed or approved at every level - exactly as the Youngers believe they would be – the Wausau Insurers would seek to proceed through resolution of their other coverage defenses in this Court, and presumably through as many levels of review

8

as they could obtain. If the Wausau Insurers lose on those other coverage defenses as well, then and only then - according to the Wausau Insurers' now-espoused position - would the Youngers be permitted to proceed with their Tennessee state court action. The Wausau Insurers would then be in a position to require the Youngers to litigate those claims through to conclusions of the jury trial and judgment, and however many state court appellate proceedings as the Wausau Insurers might thereafter care to pursue. The Wausau Insurers characterize the foregoing in their subject motion "to compel compliance with this Court's orders" as "the most practical and efficient way to resolve the parties' differences and the Youngers' claims." (Ex. 1 at p. 5). Conservatively, the Wausau Insurers' proposed plan for "efficient" processing would require another seven to ten years to accomplish.

The Wausau Insurers may have vast amounts of time and money to spend litigating this matter through multiple appeals, but the health of Claimant Nancy Younger, who is already seriously injured, is deteriorating rapidly due to lack of funds for medical care that could at least slow her decline. Ms. Younger has only one life, which will be all the shorter and more difficult than the carbon monoxide poisoning has already made it if the Wausau Insurers are allowed to protract this litigation and delay resolution of her tort claims in the manner they now propose.

The Youngers respectfully submit that the Wausau Insurers' motion "to enforce this Court's orders" - which in reality just seeks to enforce the Wausau Insurers' own, newly-espoused interpretation of an order they drafted themselves - should be denied.

**B. The automatic stay should be lifted to allow the Youngers to pursue their claims in Tennessee state court.**

The Youngers also seek issuance of an order lifting the automatic stay as to their pending tort claims in Tennessee state court, with which they will proceed on the stipulation that recovery

9

of any judgment obtained in that litigation will be pursued only against IdleAire's liability insurance with the Wausau Insurers, as set forth hereinabove and in the Youngers' original motion for relief from stay (Ex. 2). There are no overlapping issues in the tort suit for the Youngers' carbon monoxide injuries and the instant declaratory judgment action as to insurance coverage. In addition, since the Youngers will not seek to collect any judgment directly from IdleAire, there is no reason for the Tennessee state court action not to proceed. The Youngers need to liquidate any recovery to which they are determined to be entitled in that action so that it can be funded from the insurance proceeds once coverage under the Wausau Insurers' policies is confirmed in these proceedings. The alternative is to require the Youngers to wait indefinitely without any legal or equitable reason.

On this point, the Wausau Insurers' protestations should fall on deaf ears because "where a plaintiff seeks relief from the stay to pursue a claim in another forum, the interests or desires of the [debtor's] insurance company which provides coverage of the claim are not considered in determining whether the stay should be lifted." In re Grace Industries, Inc., 341 B.R. 399, 405 (Bankr. E.D.N.Y. 2006). The Wausau Insurers can defend the Tennessee state court tort suit or not, as they see fit. At this juncture, a declaration has been made, at the Wausau Insurers' request, as to their main defense to coverage. It has been determined that their pollution exclusions do not apply to exclude coverage. The Youngers are prepared to show that the Wausau Insurers' remaining coverage defense is without merit because they were not prejudiced by the timing of their receipt of notice of the Youngers' claims. Regardless of the outcome of the coverage issues, the Youngers should be permitted to complete their tort suit so that there is a liquidated amount to present if coverage is determined to exist.

**C.**　　**The Wausau Insurers will not suffer any hardship or undue prejudice if the Tennessee state court action goes forward.**

The Wausau Insurers contend that prejudice would result if this Court allowed the Tennessee state court action to proceed at this time because, if no coverage exists under their policies, "it would be pointless for the Youngers to proceed with their tort action" and they would "expend resources to pursue their suit against IdleAire only to later face the prospect of no recovery." (Ex. 1 at p. 4). However, the Youngers and their counsel are more than capable of deciding what is in the Youngers' best interests without the biased, self-serving input of the Wausau Insurers, who are without standing to evaluate or articulate the Youngers' litigation strategy vis-à-vis the Tennessee state court action. If the Youngers are willing to take the chance that their labors before the Tennessee state court action might not result in a recovery, the Wausau Insurers – who are not parties in that litigation - can have nothing to say in that regard. The Youngers understand the risks and possible prejudices they might face in proceeding with the Tennessee state court action at this time and do not need the Wausau Insurers to act as their overseer.

The Wausau Insurers also argue that the Tennessee state court would be prejudiced in the form of judicial inefficiency, wasted resources and duplicative litigation if the action before it was allowed to proceed and it was later determined that no coverage exists under the Wausau Insurers' policies. (Ex. 1 at pp. 4-5). The Tennessee state court, like the Youngers, is more than capable of protecting its own interests and avoiding waste and duplication without the Wausau Insurers' intervention. Therefore, even assuming *arguendo* that judicial inefficiency, waste or duplication might result if the Tennessee state court action goes forward, it is the province of the

Tennessee state court – and not the non-party Wausau Insurers or this Court – to take measures to prevent or remedy that inefficiency, waste or duplication.

The Wausau Insurers' grave concern that the sky might fall upon the Youngers and the Tennessee state court if the Tennessee state court action were to resume at this time is not rooted in some altruistic or benevolent motive, but in the fact that the Wausau Insurers cannot articulate any prejudice that they themselves would suffer. The best the Wausau Insurers can muster is that allowing the Tennessee state court action to proceed would "deprive [them] of judicial guidance on whether they may have coverage obligations for the claims before the Youngers' [Tennessee state court] suit proceeds." (Ex. 1 at p. 4). However, the Wausau Insurers are not entitled to receive such guidance and, therefore, are not being "deprived" of anything. What the Wausau Insurers really fear is, if the Tennessee state court action were to proceed at this time, they would be forced to make a business decision regarding whether to: (1) spend money to provide a defense of IdleAire against the Youngers' tort claims in that action in case coverage is later found to exist under their liability policies or (2) refuse to provide IdleAire with such a defense and risk having to pay a default judgment entered against IdleAire in the Tennessee state court action in the event that IdleAire does not defend itself and coverage is later found to exist under their liability policies.

However, it is well established that a bankruptcy court does not subject a debtor's liability insurer to prejudice by placing it in a position that will force it to either litigate another lawsuit on behalf of the debtor-insured or to make a choice between two financially undesirable alternatives with respect to such a lawsuit. See Travelers Ins. Co. v. H.K. Porter Co., Inc., 45 F.3d 737, 742-743 (3d Cir. 1995); In re Grace Industries, 341 B.R. at 404-405; In re First Cincinnati, Inc., 286 B.R. 49, 52-53 (6th Cir. B.A.P. 2002). The Wausau Insurers are not parties

to the Tennessee state court action, and this Court's decision to allow that action to proceed would not require them to become parties, to provide IdleAire with a defense or to fund any claims asserted against IdleAire therein. Thus, any prejudice the Wausau Insurers might suffer as a result of that action going forward would be voluntary and of their own making in order to protect their own financial interests. If the Wausau Insurers are as confident as they claim to be that no coverage is available for the Youngers' claims under their policies, they would suffer absolutely no prejudice by refusing to provide IdleAire with a defense in the Tennessee state court action or by providing such a defense under a reservation of rights. The Youngers should not be forced to suffer hardship just so the Wausau Insurers can avoid having to make a business decision that insurance companies otherwise make on a routine basis.

WHEREFORE, the Youngers respectfully pray that the Wausau Insurers' "Motion to Compel Enforcement of this Court's Orders" be denied, and that the Court enter an order lifting the automatic stay so that the Youngers may proceed with their tort suit in Tennessee State Court.

Respectfully submitted,

John C. Phillips, Jr., Esquire (No. #110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 Broom Street
Wilmington, DE 19806
Telephone (302) 655-4200
Facsimile (302) 655-4210
Attorneys for Claimants/Defendants Nancy
Younger and the Estate of William Younger

Dated: May 27, 2009

13

# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| IDLEAIRE TECHNOLOGIES CORPORATION, | ) | Case No. 08-10960 (KG) |
| | ) | |
| Debtor. | ) | |
| | ) | |

| | | |
|---|---|---|
| WAUSAU BUSINESS INSURANCE COMPANY | ) | |
| and EMPLOYERS INSURANCE OF WAUSAU | ) | |
| COMPANY, | ) | |
| | ) | |
| Plaintiffs/Counterclaim | ) | Adv. Pro. No. 08-51227 (KG) |
| Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| IDLEAIRE TECHNOLOGIES CORPORATION, | ) | |
| | ) | |
| Debtor/Defendant/ | ) | |
| Counterclaim Plaintiff, | ) | |
| and | ) | |
| | ) | |
| NANCY YOUNGER and | ) | **Hearing Date: To Be Determined** |
| ESTATE OF WILLIAM YOUNGER, | ) | **Objection Deadline: To Be Determined** |
| | ) | |
| Claimants/Youngers/Defendants. | ) | |
| | ) | |

### PLAINTIFFS/COUNTERCLAIM DEFENDANTS WAUSAU BUSINESS INSURANCE COMPANY AND EMPLOYERS INSURANCE OF WAUSAU COMPANY'S MOTION TO COMPEL ENFORCEMENT OF THIS COURT'S ORDERS

Plaintiffs/Counterclaim Defendants Wausau Business Insurance Company ("Wausau") and Employers Insurance of Wausau Company ("Employers") (collectively, the "Insurers"), by and through their attorneys, respectfully submit this Motion to Compel Enforcement of This Court's Orders. This Motion is necessary in order to curb the actions of Nancy Younger and the Estate of William Younger (the "Youngers"), who by

filing a Notice Setting Case for Trial in the Underlying Matter, *see infra*, violated this Court's Automatic Stay and the agreement of the parties.

## INTRODUCTION

1.  As this Court is aware, the Youngers filed suit against IdleAire Technologies Corporation ("IdleAire" or Debtor) on or about April 30, 2008 in the Circuit Court for Knox County, Tennessee, captioned *Younger v. IdleAire Technologies Corp.*, No. 1-183-08 (Tenn. Cir. Ct., Knox County) (the "Underlying Matter" or the "Younger action"). Pursuant to IdleAire filing a Chapter 11 Voluntary Petition in this Court on May 12, 2008, the Underlying Matter has been stayed by the automatic stay order issued by this Court. The Youngers subsequently filed a Motion for Relief from Stay, to which IdleAire and the Insurers objected. On August 13, 2008, Insurers filed an Adversary Proceeding, seeking declaratory relief with respect to the availability of coverage for the Younger action under the primary and umbrella insurance policies issued to IdleAire (collectively, the "Policies").

2.  Moreover, the Youngers and the Insurers agreed to a Stipulated Scheduling Order setting forth a briefing schedule regarding the adversary proceeding in this Court and that provided, *inter alia*, that "[t]he Stay Relief Motion shall be deferred pending the final resolution of the Adversary Proceeding." *See* Stipulated Scheduling Order at 3 (attached as Exhibit 1). This Court approved the scheduling arrangements by Order dated October 1, 2008. *See* Case No. 08-51227 (KG), Docket No. 7 (attached as Exhibit 2). The goal of the Stipulation and the Court's Order approving it was to ensure that the adversary proceeding would be finally resolved before any further effort would be made by the Youngers to seek relief from the stay and/or otherwise pursue their claims

against IdleAire in the Underlying Matter. The governing Order explicitly requires this arrangement, pending the "final resolution of the Adversary Proceeding."

## BASIS FOR RELIEF REQUESTED

3.    In direct violation of the parties' stipulation and the court's order approving it, the Youngers now suddenly seek to activate their Tennessee tort action against IdleAire, even though there is no final resolution of whether coverage exists for their claims. To resolve the parties' differences with respect to any obligation to defend or indemnify the Tennessee action, Insurers filed the Adversary Proceeding before this Court, seeking a declaration that they owe no duty to defend or indemnify Debtor with respect to the Youngers' claims. After substantial negotiation, the parties agreed, and this Court ordered, that the coverage issues would be resolved before there was any consideration given to proceeding with the Tennessee suit. The Adversary Proceeding is moving forward towards resolution, with this Court's recent rulings on the parties' summary judgment motions concerning the pollution exclusions, and the Court's determination that fact issues precluded early resolution of other coverage issues. The Insurers have sought interlocutory appeal, given the highly controverted nature of the pollution exclusion coverage questions, and are otherwise prepared to move forward with discovery and trial of the remaining coverage defenses. This Court should direct the Youngers to move forward with resolution of the coverage issues first, and only thereafter consider whether the Tennessee action should proceed. This is the bargain made by the parties, and that this Court has ordered, on which the insurers have relied, and it is also the most practical and efficient way to resolve the parties' differences and the Youngers' claims.

4.     A compelling consideration beyond the parties' agreement itself is the fact that resolving whether insurance coverage exists for the Youngers' suit before any further steps are taken in the Tennessee action is necessary to promote judicial efficiency. These questions must be resolved first because, if no coverage exists, it would be pointless for the Youngers to proceed with their tort action because there would be no available IdleAire assets. The Younger action has not progressed in any way, having been stayed almost immediately after the initial complaint was filed. If there is no coverage for the Youngers claims against IdleAire, then there is no point at all in allowing the Younger action to proceed. Proceeding with the tort action now would therefore be a serious waste of judicial and party resources. This Court should save both public and private resources by requiring the Youngers to adhere to their agreed stipulation and this Court's Order approving it, which will avoid altogether the tort litigation in the event there is no insurance and thus no source for recovery.

5.     If the Youngers were allowed to violate their agreement and the Court's order, it would unfairly prejudice the Insurers and that hardship is not outweighed by any other consideration. Allowing the Tennessee case to proceed without first resolving the coverage issues would not speed resolution of the Youngers' claim. Instead, it would prejudice all parties. It would deprive the Insurers of judicial guidance on whether they may have coverage obligations for the claims before the Youngers' suit proceeds. And it could cause the Youngers to expend resources to pursue their suit against IdleAire only to later face the prospect of no recovery. It also would waste judicial resources. Resolution of the insurance coverage issues through the Insurers' adversary proceeding here will moot any tort litigation if there is no available source of recovery.

6.     Other equitable and public policy interests also support enforcing the parties' stipulation and this Court's order.   As another court put it, "[a]n early determination of coverage would enhance the prospects of settling those claims.  On the other hand, an early determination that no coverage exists would be dispositive of the direct actions against [the insurer] and would eliminate the need to litigate questions of liability and/or damages in those cases." *Peerless Insurance Co. v. Rivera*, 208 B.R. 313, 318 (D.R.I. 1997). So too here would early resolution of the coverage issues through an adversary proceeding promote the fair and efficient administration of justice.

7.     This Court has recognized "the risk of duplicative litigation" as a potential hardship on a non-bankrupt party. *Izzarelli v. Rexene Products Co.*, 141 B.R. 574, 577 (Bankr. D. Del. 1992).  Here, Insurers are seeking to resolve the entirely separate, but crucial, threshold issue of whether the CGL and UEL Policies provide coverage for the claims at issue in the Younger action.   Only by enforcing the parties' stipulated agreement to defer any action with respect to the Youngers' tort claims until coverage is finally resolved, can this Court avoid prejudice and hardship to the Insurers and promote efficiency and other public policy interests.  Resolving the coverage issues within the context of the bankruptcy proceeding is the fairest and most efficient way to proceed.

8.     As noted, the Youngers have violated this Court's their agreement and this Court's October 1, 2008 Order.  Specifically, on April 24, 2009, the Youngers filed a Notice Setting Case for Trial in the Knoxville Circuit Court in the Underlying Matter, requesting that the case be set for trial starting on October 26, 2009.  *See* Exhibit 3.  In addition, the Youngers' counsel indicated in a letter dated April 24, 2009, that they "will

begin to set the depositions of IdleAire witnesses as to the events of liability."[1] *See*

Exhibit 4. These actions clearly violate this Court's Orders.

9. Undoubtedly, this Court has the authority to enforce its own orders. *See, e.g., In re Continental Airlines, Inc.*, 236 B.R. 318, 325-36 (Bankr. D. Del. 1999), *aff'd,* 2000 WL 1425751 (D. Del. September 12, 2000), *aff'd* 279 F.3d 226 (3d Cir. 2002) ("It is axiomatic that a court possesses the inherent authority to enforce its own orders"). Moreover, § 105 of the Bankruptcy Code provides that the "Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. Accordingly, this Court clearly has the authority to enforce its orders, and should therefore grant Insurers' Motion to Compel Enforcement of This Court's Orders due to the Youngers clear violation of this Court's orders. Here, the Youngers' actions could be viewed as contempt of this Court's October 1, 2008 Order approving the parties' stipulation in which they agreed that no further action would be taken with respect to the Youngers' underlying tort suit "pending the final resolution of the Adversary Proceeding." *See In re Startec Global Communications Corp.*, 292 B.R. 246, 253 (Bankr. D. Md. 2003) ("The Supreme Court held that courts have the inherent power to enforce compliance with their own lawful orders, which enforcement is done

---

[1] The Youngers' counsel further advise that they "have been attempting to avoid getting [the Underlying Matter] dismissed in Knoxville, even though there is a notice from the Bankruptcy Court staying that case. The judge's secretary called us this morning and indicated that the only way the Court will allow the case to go forward is if we set it for trial." However, regardless of the trial court judge's secretary's comments, the Youngers must abide by this Court's Orders. In this regard, the Youngers have the option to dismiss the Underlying Matter without prejudice in order to comply with the orders, with the option to refile their case if appropriate upon the "final resolution of the Adversary Proceeding." In addition, the Insurers would be amenable to entering into a tolling agreement with the Youngers to address any potential statute of limitations issues regarding the underlying claims.

through the court's civil contempt power") (*citing Shillitani v. U.S.*, 384 U.S. 364, 370 (1966)).

     10.     Therefore, the Insurers request that this Court compel the Youngers to take all necessary steps in order to abide by this Court's Orders.

## CONCLUSION

     WHEREFORE, Insurers respectfully requests that this Court grant Insurers Motion to Compel and enforce its Orders.

Dated: May 4, 2009
Wilmington, Delaware

Laura A. Foggan, Esq. (admitted *pro hac vice*)
Karalee C. Morell, Esq.
Parker J. Lavin, Esq.
WILEY REIN LLP
1776 K Street NW
Washington, DC 20006
(202) 719-7000

Charlene D. Davis (No. 2336)
Justin R. Alberto (No. 5126)
BAYARD, P.A.
222 Delaware Avenue
Suite 900
Wilmington, DE 19801
(302) 655-5000

Counsel for Wausau Business
Insurance Company and Employers
Insurance of Wausau Company