**EXHIBIT B**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                                        :
                                              :       Chapter 7
IDLEAIRE TECHNOLOGIES CORPORATION,   :       Case No. 08-10960 (KG)
                                              :
                    Debtor.                   :       Reference Docket Nos. 487, 503

## REPLY IN SUPPORT OF RENEWED MOTION OF NANCY YOUNGER AND THE ESTATE OF WILLIAM YOUNGER FOR RELIEF FROM STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE

Nancy Younger and the Estate of William Younger (the "Youngers"), through their undersigned counsel, hereby submit this reply in support of their Renewed Motion for Relief from Stay Under Section 362(d) of the Bankruptcy Code (the "Renewed Motion") and, in support thereof, state the following:

## THE WAUSAU INSURERS DO NOT HAVE STANDING TO OPPOSE THE REQUESTED RELIEF FROM STAY

1.      As a threshold consideration, this Court should disregard the opposition of the Wausau Business Insurance Company and Employers Insurance of Wausau Company (collectively, the "Wausau Insurers") to the Youngers' Renewed Motion because the Wausau Insurers are without standing to oppose the requested relief from stay.

2.      The purpose of the automatic stay is "to afford the debtor a 'breathing spell' by halting the collection process. It enables the debtor to attempt a repayment or reorganization plan with an aim toward satisfying existing debt." In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 100 (3d Cir. 2008) (quoting In re Siciliano, 13 F.3d 748, 750 (3d Cir.1994)). It also is intended to forestall depletion of the debtor's assets due to legal costs incurred to defend proceedings against it, to prevent certain creditors from gaining a preference for their claims and to generally avoid interference with the debtor's orderly liquidation or rehabilitation. See

Association of St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d 446, 448 (3d Cir. 1982). Because the Wausau Insurers are not the debtor, IdleAire Technologies Corp. ("IdleAire"), or creditors of IdleAire in this proceeding (they are merely IdleAire's liability and excess insurers) and the Youngers are not seeking to recover estate assets, the Youngers' Renewed Motion does not implicate or threaten any legally protected interest of the Wausau Insurers. With no legally protected interest at stake, the Wausau Insurers are without standing to oppose the Youngers' renewed request for relief from stay.

      3.      The decision of the Bankruptcy Court for the Eastern District of New York in In re Grace Industries, Inc. is instructive in this regard. In Grace, the debtor was sued in various state court matters and, in several instances, consented to relief from the automatic stay to permit the plaintiffs in those matters to pursue their claims in state court, but with the proviso that any recovery be limited to the proceeds from the debtor's available liability insurance coverage. 341 B.R. 399, 401 (Bankr. E.D.N.Y. 2006). The liability insurer commenced an adversary proceeding in the bankruptcy court seeking, among other things, a declaration that it had no obligation under the policy to provide the debtor with such coverage. Id. In support, the insurer argued that the debtor breached the policy's cooperation clause by agreeing to lift the automatic stay to the extent of available insurance coverage. Id. at 404. The Bankruptcy Court disagreed:

> The automatic stay does not shield issuers of liability insurance policies from making payments which would otherwise be due under the policy by reason of the insured's bankruptcy. The purpose of the automatic stay is to protect property of the estate from being seized by individual creditors, so that assets will be available for proper distribution to the creditor body. Where, as here, the plaintiffs have agreed that they will not seek any recovery from estate assets, there is no basis for continuing the automatic stay. Put differently, **where a plaintiff seeks relief from the stay to pursue a claim in another forum, the interests or desires of the insurance company which provides coverage of the claim are not considered in determining whether the stay should be lifted.**

Id. at 405 (emphasis added) (internal citation omitted).

4.    Several other courts have concluded that, when a state court litigant seeks relief from the automatic stay to pursue a judgment against a debtor that it intends satisfy exclusively from the debtor's liability insurance, the liability insurer is **without standing** to oppose such relief. See, e.g., In the Matter of New Era, Inc., 135 F.3d 1206, 1210 (7th Cir. 1998) ("Nor would [the liability insurer] have had standing to submit even a timely opposition to the lifting of the stay, since the stay is for the protection of the debtor and its creditors.") (citing *Collier on Bankruptcy* ¶ 362.03 (15th ed., Lawrence P. King ed.1996)); In re Malone Properties, Inc., 1992 WL 611459, *3 (Bankr. S.D. Miss. June 17, 1992) (attached as Exhibit A) (finding that debtor's liability insurer had no standing to appear at hearing on motion to lift stay because any policy defenses it had to coverage "would not... have been an appropriate matter to raise at a hearing on the motion to lift stay"); see also In re Clemmer, 178 B.R. 160, 167 (Bankr. E.D. Tenn. 1995) (finding that debtor's liability insurer did not have standing to challenge state court plaintiff's alleged violation of automatic stay by garnishing annuity funds payable to debtor by insurer).

5.    As set forth in the stipulation approved by this Court on September 29, 2008 (the "IdleAire-Younger Stipulation"), IdleAire assigned to the Youngers its rights under the insurance policies and the Youngers agreed to defend IdleAire in the Adversary Proceeding and expressly waived their right to receive any distribution from IdleAire or its estate, thereby preventing them from executing against IdleAire's assets on any ultimate judgment obtained in the Tennessee State Court Action[1] except to the extent of available insurance coverage. Pursuant to that stipulation, IdleAire withdrew its objection to the relief from stay the Youngers now seek in the instant motion. Moreover, no creditors of IdleAire have objected to the Renewed Motion.

---

[1]    The "Tennessee State Court Action" refers to the lawsuit brought by the Youngers in the Circuit Court for Knox County in the State of Tennessee, styled; *Nancy Younger, individually and as surviving spouse of William Younger, Deceased, and the estate of William Younger, through surviving spouse Nancy Younger, v. IdleAire Technologies Corporation, a for profit corporation*, Case No. 1-183-08.

6.     The only parties heard to complain about the Youngers' request for relief from stay are the Wausau Insurers, but they simply "have no horse in this race," as they are not the debtor or creditors of the debtor, and do not hold assets to which the debtor's bankruptcy estate is entitled. The Wausau Insurers' lack of standing is exemplified by the nonsensical suggestion in their opposition papers that, if the Tennessee State Court Action were to proceed now, the Wausau Insurers would somehow suffer prejudice in the form of litigation expenses to be incurred by persons **other than themselves** – *i.e.*, the parties to the Tennessee State Court Action (the Youngers and IdleAire) and the Tennessee State Court. See the Wausau Insurers' Joint Objection at ¶¶ 11, 14. In reality, the Wausau Insurers will suffer no prejudice, as they can choose to provide or not provide a defense to IdleAire in the Tennessee State Court Action as they see fit in order to best protect their business interests. Moreover, the risk that a judgment might be entered against their insured, IdleAire, in that action does not constitute prejudice or implicate their legally protected interests, as allowing that action to proceed would in no way increase the Wausau Insurers' coverage obligations under their policies or otherwise expose them to risks they did not already assume when they issued those policies. As such, the Wausau Insurers have no standing to oppose the Youngers' renewed request for relief from stay, and their opposition to that request should be stricken.

### THE STIPULATED SCHEDULING ORDER DOES NOT BAR THE REQUESTED RELIEF FROM STAY

7.     On September 29, 2008, the parties submitted a Stipulated Scheduling Order setting forth a schedule for briefing and oral argument of summary judgment motions in the Adversary Proceeding and stating, among other things, that the "Stay Relief Motion" (which is defined therein as the Motion for Relief from Stay filed by the Youngers on July 28, 2008) "shall be deferred pending the final resolution of the Adversary Proceeding." In their opposition

papers, the Wausau Insurers contend that this Court must strictly interpret the Stipulated Scheduling Order "according to its plain terms," which they claim requires denial of the Renewed Motion. The Wausau Insurers are mistaken.

8.     The plain terms of the Stipulated Scheduling Order, in fact, call for deferral of **only** the Youngers' July 28, 2008 Motion for Relief from Stay, which was resolved (along with the objections filed by IdleAire and the Wausau Insurers to that motion) when this Court entered its Order approving the IdleAire-Younger Stipulation on September 29, 2009.[2] Nowhere does the Stipulated Scheduling Order, by it terms, prohibit the Youngers from subsequently requesting relief from stay, as they have done in the Renewed Motion. Thus, if the Court is inclined to indulge the Wausau Insurers' demand that it strictly enforce the express terms of the Stipulated Scheduling Order, those terms in no way compel denial of the Renewed Motion or prevent the Youngers from exercising their right under the Federal Rules of Bankruptcy Procedure to request relief from stay.

9.     To the extent the Court is not inclined to take such a formalistic approach in interpreting the Stipulated Scheduling Order, the context in which the parties reached the Stipulated Scheduling Order must be considered. The Youngers agreed to the Wausau Insurers' request that the coverage issues be decided **by this Court** based on the Wausau Insurers' expressed desire to obtain a prompt resolution of those issues by way of summary judgment. The Youngers agreed to entry of the Stipulated Scheduling Order in furtherance of that objective, as evidenced by the representations made to this Court by the Wausau Insurers' counsel that

---

[2]     The Certification of Counsel accompanying the IdleAire-Younger Stipulation states that "[a]ttached hereto is a stipulation which resolves the [Youngers' July 28, 2008 Motion for Relief from Stay and the objections thereto by IdleAire and the Wausau Insurers], along with a proposed form of order approving the stipulation. The stipulation has been circulated among the parties in interest, including the Committee, the Purchaser, and counsel for Wausau, and there are no remaining objections to the terms of the stipulation." See Exhibit B.

"[the Wausau Insurers] would like to have the adversary proceeding resolved **promptly** and in advance of the lift stay motion.... **Accordingly**, the concept is that we would have an agreed schedule **for a summary judgment motions** [sic] on the adversary proceeding." See Transcript of Sept. 18, 2008 hearing on the Youngers' July 28, 2008 Motion for Relief from Stay, attached as Exhibit C, at page 17 (emphasis added).

10.     Once this Court denied the Wausau Insurers' motion for summary judgment and granted the Youngers' cross-motion for summary judgment as to the main coverage issue (*i.e.*, the Wausau Insurers' pollution exclusions), the Wausau Insurers unceremoniously abandoned their prior commitment to a prompt resolution of the issues by way of summary judgment. Instead, the Wausau Insurers sought leave to pursue a piecemeal appeal of the ruling as to one of the two coverage issues, seeking to appeal that coverage ruling to the United States District Court, thereafter to the United States Third Circuit Court of Appeal, and then to seek certification to the Tennessee Supreme Court,[3] a process that was not proposed by the Wausau Insurers or in any of the parties' contemplation when they entered the Stipulated Scheduling Order. In fact, the Wausau Insurers' current scheme to place this Court's coverage ruling before the Tennessee Supreme Court by way of the most circuitous and time-consuming route possible totally alters the landscape of this litigation and frustrates the very purpose of the Stipulated Scheduling Order – *i.e.*, to have **this Court** promptly decide the coverage issues by way of summary judgment.

11.     The Wausau Insurers' argument is based **solely** on a phrase they included in the Stipulated Scheduling Order they drafted, to wit, "final resolution of the Adversary Proceeding."

---

[3]     The Wausau Insurers do not deny in their opposition papers, and therefore concede, that they intend to drag this Court's coverage ruling through the District Court, the Third Circuit Court of Appeal and the Tennessee Supreme Court. In fact, they have already begun that process by filing with the District Court a Motion for Leave to Appeal.

However, the "final resolution" that the Stipulated Scheduling Order was designed to facilitate was a summary judgment ruling **from this Court** on coverage issues. It is only after the fact that the Wausau Insurers propose that the phrase "final resolution" is ambiguous in that regard, and that what they **really** meant was that "final resolution" includes their unstated intention to appeal any adverse rulings on coverage (1) to the United States District Court; (2) thereafter to the United States Third Circuit Court of Appeal; and (3) then through the process of seeking certification to the Tennessee Supreme Court.[4]

12.     At best for the Wausau Insurers, the meaning of the term "final resolution" as used in the Stipulated Scheduling Order – which they drafted - is ambiguous. The oldest of contract construction principles, however, dictates that any ambiguities in a contract be construed against the drafter. RESTATEMENT (SECOND) OF CONTRACTS § 206 (1981); Arthur L. Corbin, et al., *Corbin on Contracts*, § 559, supp. at 337 (1960 & Supp. 1996); Allstate Ins. Co. v. Watson, 195 S.W.3d 609 (Tenn. 2006); Hanover Ins. Co. v. Haney, 425 S.W.2d 590, 592 (Tenn. 1968); Twin City Fire Ins. Co. v. Delaware Racing Ass'n, 840 A.2d 624 (Del. 2003). The Youngers submit that, in the context in which the Wausau Insurers proposed the Stipulated Scheduling Order, "final resolution" meant entry of a summary judgment ruling on coverage from this Court, just as all of the other portions of that Order pertained to summary judgment. If, however, and as the Wausau Insurers' current argument suggests, that phrase is ambiguous, then it must be construed against the Wausau Insurers as the drafters of the Stipulated Scheduling Order.

13.     In conclusion, the Youngers submit that they have in no way violated either the letter or the spirit of the Stipulated Scheduling Order, which is more than can be said for the

---

[4]     As evidenced by the Wausau Insurers' pending motion to take a separate appeal just as to the first coverage ruling *via* the three-tiered appellate process they propose, the Wausau Insurers would now have the phrase "final resolution" interpreted to include **two** such three-tiered appellate processes.

Wausau Insurers. If the Wausau Insurers' goal was truly to have a Tennessee state court determine the coverage issues, they would have intervened in the Tennessee State Court Action to raise those issues or filed their declaratory relief action in Tennessee state court rather than before this Court. Instead, they filed the instant Adversary Proceeding, baselessly opposed relief from stay after they were dealt an unexpected loss on summary judgment, and now threaten to proceed through three layers of federal courts and the Tennessee Supreme Court, all with the goal of avoiding or delaying their payment obligations under their policies. This Court should not countenance such gamesmanship and inequitable conduct.

WHEREFORE, the Youngers respectfully request that this Court enter an order modifying the automatic stay to allow them to prosecute their claims against Debtor IdleAire Technologies Corporation in order to liquidate their claims as stated in their Tennessee Circuit Court Action and to collect the liquidated value of their claims from any applicable insurance.

Respectfully submitted,

/s/ John C. Phillips
JOHN C. PHILLIPS, JR, ESQUIRE (#110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
Counsel to Nancy Younger and the Estate of
William Younger

Dated: June 30, 2009

# EXHIBIT A



Not Reported in B.R.
Not Reported in B.R., 1992 WL 611459 (Bkrtcy.S.D.Miss.)
(Cite as: 1992 WL 611459 (Bkrtcy.S.D.Miss.))

Page 1

Only the Westlaw citation is currently available.

United States Bankruptcy Court, S.D. Mississippi,
Southern Division.
In re MALONE PROPERTIES, INC.
Bankruptcy No. 8607364 SGR.

June 17, 1992.

*OPINION*

EDWARD R. GAINES, Bankruptcy Judge.

*1 Insurance Company of North America filed a motion in this proceeding for reconsideration of an agreed order lifting the automatic stay that allowed parties to proceed in a lawsuit against the debtor, who was the insured, to the extent of insurance coverage. The matter was submitted to the Court on briefs for determination. After review of the pleadings and briefs, the Court concludes that the motion filed by Insurance Company of North America should be denied.

*I. BACKGROUND [FN1]*

1. On December 3, 1983, Carroll D. Malone, Jr. died as a result of injuries in an aircraft accident. Malone was President and sole stockholder of Malone Properties, Inc.

2. On March 11, 1986, Malone Properties, Inc. filed a petition for relief under Title 11 of the United States Code.[FN2]

3. The Estate of Carroll D. Malone, Jr. filed suit against Malone Properties, Inc. and General Electric Credit Corporation on December 1, 1989 in the Circuit Court of Harrison County, Mississippi. The suit was subsequently removed to the United States District Court for the Southern District of Mississippi.

4. Insurance Company of North America (INA) was the carrier of an insurance policy for Malone Properties, Inc.

5. On April 2, 1990, William N. Malone, Executor of the Estate of Carroll D. Malone, Jr., filed a motion to lift the automatic stay to proceed with the lawsuit. The movant asserted that, "INA is insuring and is to defend Malone Properties, Inc. and is required by law to pay the claims of the Plaintiff up to the limits allowed by law." The motion was not served on INA.

6. On April 3, 1990 a notice of preliminary hearing on the motion to lift the automatic stay filed by the Estate of Carroll D. Malone, Jr. was issued from this Court. INA was not listed on the notice as a party to be served.

7. An agreed order was entered on May 9, 1990 lifting the automatic stay to enable pursuit of the lawsuit against Malone Properties, Inc. The order provided that there existed a policy of insurance issued by INA insuring Malone Properties, Inc. which would satisfy the judgment or a part thereof. The order further stated that the stay "is hereby terminated solely to the extent of any insurance coverage". The agreed order was signed by the attorney for the Trustee and the attorney for the Estate of Carroll D. Malone, Jr.

8. Ten months later, on March 14, 1991, a Final Judgment by default was entered against Malone Properties, Inc. in the District Court action in the amount of $3,091,157.00. The judgment provided that, "[T]he automatic stay has been lifted to the extent of insurance coverage and a Final Judgment should be entered and execution may issue to the extent of insurance coverage". Writ of Garnishment was issued against INA in October of 1991.

9. On February 2, 1992, INA filed its motion for reconsideration of the agreed order lifting the automatic stay in this Court claiming that INA did not receive notice that the stay had been lifted and alleging deprivation of property without due process of law in violation of the Fourteenth Amendment.

*2 10. The Trustee responded to the motion claiming that the motion is not timely filed, that INA lacks standing to seek the requested relief, and that the insurance carrier is not entitled to notice on application for relief from stay. Additionally, the Trustee

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in B.R.
Not Reported in B.R., 1992 WL 611459 (Bkrtcy.S.D.Miss.)
(Cite as: 1992 WL 611459 (Bkrtcy.S.D.Miss.))

Page 2

responded that counsel for the trustee and claimant had requested INA to undertake a defense on behalf of the Trustee on numerous occasions and that INA did nothing.

11. The Estate of Carroll D. Malone, Jr. responded to the motion of INA by stating that the contract for insurance was binding whether the debtor was in bankruptcy or not, that INA had been aware of the lifting of the stay for quite some time, and that no rights under the Fourteenth Amendment had been violated.

12. Briefs were subsequently filed on the issues raised and the matter was submitted to the Court for determination.

## II. CONCLUSIONS

The matter before the Court is a core proceeding under 28 U.S.C. § 157. The Court has jurisdiction pursuant to 28 U.S.C. § 1334.

Section 362(d) of Title 11 of the United States Code provides that:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

(1) for cause, ...

11 U.S.C. § 362(d). Notice and hearing is defined in Section 102 of Title 11 as follows:
In this title-

(1) "after notice and a hearing", or a similar phrase-

(A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; ...

11 U.S.C. § 102(1)(A).

Pursuant to Federal Rule of Bankruptcy Procedure 4001 a motion for relief from an automatic stay shall be made in accordance with Rule 9014. Rule 9014 provides that:

In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought.

Fed.R.Bankr.P. 9014. Additionally, Rule 9013 provides that:
Every written motion other than one which may be considered ex parte shall be served by the moving party on the trustee or debtor in possession and on those entities specified by these rules or, if service is not required or the entities to be served are not specified by these rules, the moving party shall serve the entities the court directs.

Fed.R.Bankr.P. 9013.

These rules provide a basis upon which the Court may coordinate notice requirements with particular circumstances surrounding a motion, such as a motion for relief from the automatic stay. The circumstances here are that the debtor's insurer claims that it should have been provided with notice of a motion for relief from the stay and the subsequent order granting such relief in which a party was allowed to proceed against the debtor to the extent of insurance coverage. There is some question based on the pleadings filed by the parties as to whether the insurer, Insurance Company of North America, received a copy of the order lifting the stay, although there is no dispute that INA was not noticed of the motion or the hearing thereon.

*3 The Court cannot conclude that INA was entitled to such notice where there has been no showing of an injury that resulted to INA which was specifically caused by a lack of notice of the motion or order granting relief from the automatic stay. The damage that INA claims resulted from a deprivation of due process stems from a default judgment that was entered, subsequent to the order granting relief from the stay, in another court. The order lifting the stay here only provided the parties with the authority to obtain relief in another forum. The issue of deprivation of notice, if any, in the entry of the default judgment is not before this Court.[FN3]

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in B.R.
Not Reported in B.R., 1992 WL 611459 (Bkrtcy.S.D.Miss.)
(Cite as: 1992 WL 611459 (Bkrtcy.S.D.Miss.))

Page 3

In addition, the Court cannot conclude that a party is required to have notice of a motion or the hearing thereon, if the party would not have standing to appear before the Court at that hearing. In *In re Bird,* 1990 U.S.Dist. LEXIS 2298 (D.Kan.1990), the District Court stated that:

Rule 9014 does not call for notice to anyone other than "the party against whom relief is sought." It is important to remember that the Motion for Relief from Stay is only to determine whether the protection of the automatic stay, which became effective upon the filing of the Bankruptcy Petition by [the debtor], should continue to protect the [Property in question]. Relief from Stay would simply return the parties to whatever legal relationship existed before commencement of the case. (citations omitted) ... Therefore, based on the above, there is no basis to conclude, ... that Prudential was entitled to notice of the motion for relief from the stay ...

*Id.* at 20. Any defense that INA could have brought in a proceeding to determine whether or not INA would be contractually bound under the insurance policy with Malone Properties [FN4] would not, under the circumstances here, have been an appropriate matter to raise at a hearing on the motion to lift stay by the Estate of Carroll Malone.[FN5] Moreover, the order granting relief from the stay did not preclude INA from asserting any defenses in the court in which suit was pending, and therefore, did not deny INA a forum in which those obligations could have been adjudicated, as argued.[FN6]

Regardless of whether or not INA was entitled to notice of the motion or order granting relief from the stay, the Court further concludes that the motion requesting this Court to reconsider the order was not timely filed. As set out in the chronology of pleadings, the order granting relief was entered in May of 1990. The Final Judgment was entered in the District Court in March of 1991. The motion for reconsideration of the order entered in this Court was not filed until February of 1992. There is no indication in the pleadings that INA was not aware that the stay had been lifted prior to entry of the Final Judgment. As stated in *In re Bird,* 1990 U.S.Dist. LEXIS 2298 (D.Kan.1990):

Thus, Prudential either knew or should have known that an order lifting the automatic stay had been en-

tered in favor of PSB and PCA. There does not appear in the record before this court a reason which would justify Prudential's failure to raise the issue for more than one year.

*4 *Id.* at 21.

Based on the above analysis the Court concludes that INA has not shown a sufficient basis upon which the Court should grant relief in its favor, and that INA has not been timely in its request. The motion for reconsideration of the agreed order lifting the stay should be denied.

An order will be entered consistent with these findings and conclusions pursuant to Federal Rule of Civil Procedure 58 and Federal Rule of Bankruptcy Procedure 9021.

> FN1. Factual background is taken from pleadings and memoranda submitted by the parties.

> FN2. The original petition was filed under Chapter 11 of Title 11. On January 25, 1990 the case was converted to Chapter 7.

> FN3. The pleadings indicate that the trustee or his attorney made numerous demands on INA to defend the suit prior to entry of the Final Judgment by default.

> FN4. As noted in the briefs, the Trustee and the Estate of Carroll D. Malone, Jr. have asserted that the debtor's discharge would not affect INA's liability under its policy pursuant to 11 U.S.C. § 524. *See also, In re White,* 73 B.R. 983 (Bankr.D.Dist.Col.1987); *In re Traylor,* 94 B.R. 293 (Bankr.E.D.N.Y.1989)

> FN5. The Court does not by this conclusion preclude the possibility that there could be some circumstance in which an insurer would have **standing** to appear and be heard on a motion for **relief** from stay. Such circumstances are not present here.

> FN6. *See also, In re Pointer,* 952 F.2d 82 (5th Cir.1992) on requirements of standing under the constitution and under the Bank-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in B.R.
Not Reported in B.R., 1992 WL 611459 (Bkrtcy.S.D.Miss.)
(Cite as: 1992 WL 611459 (Bkrtcy.S.D.Miss.))

Page 4

ruptcy Code.

Bkrtcy.S.D.Miss.,1992.
In re Malone Properties, Inc.
Not Reported in B.R., 1992 WL 611459
(Bkrtcy.S.D.Miss.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

IDLEAIRE TECHNOLOGIES
CORPORATION,
      Debtor.

Chapter 11

Case No. 08-10960 (KG)

**Related Docket No. 304**

## CERTIFICATION OF COUNSEL

The undersigned, counsel to IdleAire Technologies Corporation, debtor and

debtor-in-possession ("IdleAire" or the "Debtor") hereby certifies as follows:

1.  On July 28, 2008 (the "Petition Date"), the *Motion of Nancy Younger and
the Estate of William Younger for Relief from Stay Under Section 362 of the Bankruptcy
Code* (D.I. 304) (the "Motion") was filed.

2.  Responses in opposition to the motion ("Objections") were filed by
Wausau Business Insurance Company and Employers Insurance of Wausau Company
("Wausau") (D.I. 326) and the Debtor (D.I. 327).

3.  At the hearing scheduled for September 18, 2008, the parties in interest
announced an agreement in principle to resolve the Objections to the Motion, and the
Court granted the parties the opportunity to submit a stipulation for consensual relief
under a certification of counsel.

4.  Attached hereto is a Stipulation which resolves the Motion and the
Objections, along with a proposed form of Order approving the Stipulation. The
Stipulation has been circulated among the parties in interest, including the Committee,

the Purchaser, and counsel for Wausau, and there are no remaining objections to the terms of the Stipulation.

5. Accordingly, the parties respectfully request that the Court enter the attached Order approving the Stipulation.

Date: September 26, 2008
Wilmington, Delaware

SULLIVAN · HAZELTINE · ALLINSON LLC

_William D. Sullivan (Del. No. 2820)_
William D. Sullivan (Del. No. 2820)
William A. Hazeltine (Del. No. 3294)
Elihu E. Allinson, III (Del. No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 428-8191
Facsimile: (302) 428-8195

-and-

John J. Monaghan, Esq.
Lynne B. Xerras, Esq.
Diane N. Rallis, Esq.
**HOLLAND & KNIGHT LLP**
10 St. James Avenue
Boston, MA 02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850

*Attorneys for the Debtor and
Debtor-in-Possession*

2

**Exhibit A**
**(Stipulation)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 08-10960 (KG) |
| IDLEAIRE TECHNOLOGIES CORPORATION, | |
| Debtor. | |

### STIPULATION

On this 26th day of September 2008, for and in consideration of the mutual promises, covenants, and agreements contained in this stipulation (the "Stipulation"), the parties set forth below hereby stipulate and agree as follows:

### RECITALS

WHEREAS, on May 12, 2008, (the "Petition Date"), IdleAire Technologies Corporation ("IdleAire" or "Debtor") commenced the above-captioned case by filing a voluntary petition pursuant to Chapter 11 of Title 11 of the United States Code, §§ 101-1532 (the "Bankruptcy Code");

WHEREAS, IdleAire continues to operate as a debtor-in-possession during the bankruptcy proceeding pursuant to Sections 1107 and 1108 of the Bankruptcy Code;

WHEREAS, on April 30, 2008, Nancy Younger and the Estate of William Younger (collectively, the "Youngers") filed a civil action against IdleAire in the Circuit Court for Knox County, Tennessee captioned as Younger v. IdleAire Technologies Corp., No. 1-18308 (the "State Court Action"), in which they asserted causes of action for strict product liability, negligent failure to warn, breach of express and implied warranties, and negligence in connection with an incident which is alleged to have occurred at a truck stop in Knoxville, Tennessee, on or about July 12, 2007;

WHEREAS, upon commencement of the Debtor's chapter 11 case, the State Court Action was stayed as to the Debtor pursuant to section 362(a) of the Bankruptcy Code;

WHEREAS, on July 28, 2008, the Youngers filed a motion for relief from the automatic stay, and the Debtor filed an objection to that motion;

WHEREAS, on August 13, 2008, Wausau Business Insurance Company and Employers Insurance of Wausau Company (collectively "Wausau"), insurers providing comprehensive general liability or umbrella excess liability coverage to the Debtor, initiated an adversary proceeding in the Debtor's chapter 11 case (the "Wausau Declaratory Action") by filing a Complaint against the Youngers and the Debtor in which Wausau sought a declaration that no coverage exists under the comprehensive general liability insurance policy and umbrella excess liability insurance policy Wausau issued to Debtor for any of the causes of action asserted against Debtor in the State Court Action;

WHEREAS, Wausau filed an objection to the Youngers' motion for relief from the automatic stay;

WHEREAS, the Youngers and the Debtor have reached an agreement to permit the State Court Action and the Wausau Declaratory Action to be resolved without prejudice to the Debtor's estates;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the parties to this Stipulation, through their undersigned counsel, that:

1.    . The Debtor, through this Stipulation, assigns all rights, claims and causes of action it has against Wausau with respect to insurance coverage (including, but not limited to any denial of coverage by Wausau) for the claims asserted in the State Court Action, including those claims which Debtor has or may assert in the Wausau Declaratory Action.

2.  The automatic stay imposed under section 362 of the Bankruptcy Code and/or any injunction contained in a Plan or Confirmation Order is hereby modified to the extent necessary to permit the Wausau Declaratory Action to proceed to judgment. The Youngers shall assume the defense of the Debtor in the Wausau Declaratory Action and shall defend the Debtor through the conclusion of the Wausau Declaratory Action.

3.  The Debtor withdraws its objection to the Youngers' request that the automatic stay imposed under section 362 of the Bankruptcy Code and/or any injunction contained in a Plan or Confirmation Order be modified to permit the State Court Action to be litigated to conclusion (including any subsequent appeals taken by any of the parties thereto) for the purpose of determining liability of the Debtor to the Youngers and the amount of damages, if any, owed by the Debtor to the Youngers..

4.  The sole right and remedy of the Youngers regarding the enforcement of any judgment against or settlement with the Debtor arising from the State Court Action shall be from the proceeds of any liability insurance policies that cover the Debtor with respect to such judgment or settlement (the "Insurance Proceeds") and not any other assets of the Debtor or its estate. The Youngers specifically waive their right to receive any distribution from the Debtor or its estate.

5.  Other than as set forth in paragraph 4 with respect to Insurance Proceeds, the Youngers hereby waive any and all claims against the Debtor that were or could have been included in the State Court Action, including any proofs of claim filed against the Debtor.

6.  The Debtor's agreement to the relief set forth herein shall not be deemed an agreement by the Debtor to provide assistance to, or to cooperate with, the Youngers in any way in any efforts to secure a judgment against Wausau in the Wausau Declaratory Action, except as

to providing copies of all pertinent correspondence to and from Wausau regarding the policies and the Younger's claim/lawsuit and authenticating the insurance policies at issue.

7.     The Debtor reserves (i) its right to assert all available defenses in connection with the Wausau Declaratory Action, (ii) its right to object to any claims filed by the Youngers in the Debtor's chapter 11 case, which claims are expressly dismissed by this Stipulation, and (iii) all of its rights with respect to its insurance providers and its insurance coverage (with the exception of its rights, claims and causes of action against Wausau with respect to insurance coverage, including but not limited to any denial of coverage by Wausau, for the claims asserted in the State Court Action). Except as provided in Paragraph 1, nothing contained herein shall be deemed to waive any rights of the Debtor with respect to its insurance coverage.

8.     Nothing contained in this Stipulation shall modify the terms of any liability insurance policies that cover the Debtor with respect to a judgment or settlement.

9.     Notwithstanding anything to the contrary contained herein, the terms of this Stipulation shall be subject in every respect to the sale order entered by the Court on July 14, 2008.

10.    This Stipulation can only be amended or otherwise modified by a signed writing executed by the parties.

11.    Each person who executes this Stipulation represents that he or she is duly authorized to execute this Stipulation on behalf of the respective parties hereto and that each such party has full knowledge and has consented to this Stipulation.

12.    This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall

constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the parties hereto to be charged.

13. This Stipulation, and the terms and conditions contained herein, are subject to the approval of the Bankruptcy Court and shall be of no force or effect unless and until approved by the Bankruptcy Court.

14. The Bankruptcy Court shall retain jurisdiction over the parties hereto with respect to this Stipulation including, without limitation, for the purposes of interpreting, implementing and enforcing its terms and conditions.

SULLIVAN · HAZELTINE · ALLINSON LLC

William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
Elihu E. Allinson, III (No. 3476)
4 East 8th Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 428-8191
Facsimile: (302) 428-8195

and

John J. Monaghan, Esq.
Lynne B. Xerras, Esq.
Diane N. Rallis, Esq.
**HOLLAND & KNIGHT LLP**
10 St. James Avenue
Boston, MA 02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850

*Attorneys for the Debtor and Debtor-in-Possession*

PHILLIPS GOLDMAN & SPENCE

John C. Phillips, Jr. (No. 110)
1200 North Broom Street
Wilmington, DE 19806
Tel: (302) 655-4200
Fax: (302) 655-4210

*Attorneys for Nancy Younger and the Estate of William Younger*

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

Case No. 08-10960

- - - - - - - - - - - - - - - - - - -x

In the Matter of:


IDLEAIRE TECHNOLOGIES CORPORATION,


       Debtor.


- - - - - - - - - - - - - - - - - - -x


           U.S. Bankruptcy Court

           824 North Market Street

           Wilmington, Delaware


           September 18, 2008

           11:15 a.m.


B E F O R E:

HON. KEVIN GROSS

U.S. BANKRUPTCY JUDGE

1          THE COURT:  I don't know about that, but we'll try.

2     I'm working on it.

3          MR. PHILLIPS:  Your Honor, this is counsel for

4     Wausau, Laura Foggan.  And I have agreed on these dates if it

5     suits the Court.

6          THE COURT:  Ms. Foggan, good morning.

7          MS. FOGGAN:  Good morning, Your Honor.

8          THE COURT:  Welcome to you.

9          MS. FOGGAN:  Thank you.  Basically the concept is

10    that we would like to have the adversary proceeding resolved

11    promptly and in advance of the lift stay motion.  The concept

12    being that obviously depending on the outcome of the adversary

13    proceeding there may not be a reason to pursue tort litigation

14    if there are no available assets to the Youngers.

15         Accordingly, the concept is that we would have an

16    agreed schedule for a summary judgment motions on the adversary

17    proceeding.  Under which motions for summary resolution would

18    be filed by October 27th.  Oppositions would be due on November

19    26th.  A reply would be due on December 10th.  And depending on

20    the Court's availability, we have tentatively looked towards a

21    hearing on December 17th.

22         THE COURT:  I have a matter scheduled it looks like

23    from about 11 to 2 or so.  I could hear you at 3?

24         MS. FOGGAN:  That would be acceptable to us, Your

25    Honor, if possible.